314 F.3d 1146
 MONTANA WILDERNESS ASSOCIATION, INC.; Friends of the Bitterroot, Inc.; American Wildlands, Inc., Plaintiffs-Appellees,
v.
UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; Dan Glickman, Secretary of the U.S. Department of Agriculture; Hal Salwasser, Regional Forester for Region One, U.S. Forest Service; Jack Ward Thomas, Chief, U.S. Forest Service, Defendants,
Middlefork Property Owners Association, Defendant-Intervenor,
and
Blue Ribbon Coalition, Inc.; Montana Snowmobile Association; Montana 4X4 Association; High County Trail Riders Association; Montana Trail Vehicle Riders Association; Rimrock 4X4, Inc.; Montana High Country Tours; Bitterroot Adventures; Sneed's Cycle and Sled, Defendants-Intervenors-Appellants.
Montana Wilderness Association, Inc.; Friends of the Bitterroot, Inc.; American Wildlands, Inc., Plaintiffs-Appellees,
v.
United States Forest Service, an agency of the U.S. Department of Agriculture; Dan Glickman, Secretary of the U.S. Department of Agriculture; Hal Salwasser, Regional Forester for Region One, U.S. Forest Service; Jack Ward Thomas, Chief, U.S. Forest Service, Defendants-Appellants,
and
Blue Ribbon Coalition, Inc.; Montana Snowmobile Association; Montana 4X4 Association; High County Trail Riders Association; Montana Trail Vehicle Riders Association; Rimrock 4X4, Inc.; Montana High Country Tours; Bitterroot Adventures; Sneed's Cycle and Sled, Middlefork Property Owners Association, Defendants-Intervenors.
 No. 01-35690.
 No. 01-35713.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 6, 2002.
 Filed January 6, 2003.
 
 Tamara N. Rountree, U.S. Department of Justice, Washington, DC, for the defendants-appellants.
 Paul A. Turcke, Moore Smith Buxton & Turcke, Chtd., Boise, ID, for the defendants-intervenors-appellants.
 Jack R. Tuholske, Missoula, MO, for the plaintiffs-appellees.
 Appeal from the United States District Court for the District of Montana; Donald W. Molloy, District Judge, Presiding, D.C. No. CV-96-00152-DWM.
 Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.
 OPINION
 TROTT, Circuit Judge:
 
 
 1
 The United States Forest Service ("Forest Service") and Intervenors, Blue Ribbon Coalition, Inc., et al., appeal the district court's order (1) determining that it had subject matter jurisdiction over this action under the Administrative Procedures Act ("APA"), and (2) granting the Montana Wilderness Association ("Wilderness Association") summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.
 
 BACKGROUND
 
 2
 In 1977, Congress passed the Montana Wilderness Study Act ("the Act") to "provide for the study of certain lands to determine their suitability for designation as wilderness." Pub.L. No. 95-150, 91 Stat. 1243 (1977). The Act mandates that the Secretary of Agriculture "shall, until Congress determines otherwise," administer specific Wilderness Study Areas ("Study Areas") "to maintain their presently existing wilderness character and potential for inclusion in the National Wilderness Preservation System" ("Wilderness System"). Id. (emphasis added). The Secretary of Agriculture administers the areas at issue in this case through the Forest Service. Congress intended that, within seven years after the Act was passed, the President would make a recommendation to Congress on whether the Study Areas should be included in the Wilderness System. Twenty-five years later, no final decision has been made to include the Study Areas at issue in this case in the Wilderness System (or to exclude them from the system). Consequently, the Forest Service has been managing the Study Areas under Congress' interim arrangement for more years than intended.
 
 
 3
 The Wilderness Association claims the Forest Service violated the Act by failing to maintain seven Study Areas' wilderness character and potential for wilderness designation when it "allow[ed], encourag[ed], and/or fail[ed] to act to prevent motorized vehicle use of [the Study Areas] beyond what existed in 1977." Specifically, the Wilderness Association's complaint alleges in Count I that the Forest Service's "actions and inactions" increased the type and amount of motorized activity in all Study Areas, resulting in diminished wilderness character and potential for inclusion in the Wilderness System as it existed in 1977. Count III alleges that the Forest Service's plastic pipe installation, new bridge construction, and reconstruction projects upgrading trails for four-wheel off-road vehicle use in the Hyalite Porcupine Buffalo Horn Study Area violate the Act. Count VI alleges that the Forest Service's action in the West Pioneers Study Area — dynamiting boulders on trails to allow use of four-wheelers, adding gravel to trails, and constructing a new trail for motorized use — has led to an increase in the type and amount of off-road vehicle use, and diminished the area's wilderness characteristics and suitability for inclusion in the Wilderness System.
 
 
 4
 On cross motions for summary judgment, the district court granted summary judgment for the Wilderness Association on all three counts.[1] The district court determined it had jurisdiction under the APA and concluded that the Forest Service violated the Act by failing "to consider whether, how, and to what extent its management decisions have impacted the wilderness character of the areas as they existed in 1977," and by failing "to develop discernible criteria for assessing and maintaining the wilderness character of non-motorized use areas while conducting trail maintenance and improvement in areas of motorized use." The district court issued a declaratory judgment and an injunction requiring the Forest Service "to comply with the [Act] and to take reasonable steps to restore the wilderness character of each [Study Area] if its wilderness character has been diminished since 1977." The Forest Service and Intervenors timely appealed, arguing that the district court lacked subject matter jurisdiction under the APA and should not have granted summary judgment for the Wilderness Association.
 
 STANDARD OF REVIEW
 
 5
 This court reviews de novo the existence of subject matter jurisdiction and a district court's grant of summary judgment. Delta Sav. Bank v. United States, 265 F.3d 1017, 1021, 1024 (9th Cir.2001). We view the evidence in the light most favorable to the nonmoving party to determine whether any genuine issues of material facts exist and whether the district court correctly applied the relevant substantive law. Balint v. Carson City, Nev., 180 F.3d 1047, 1050 (9th Cir.1999) (en banc).
 
 DISCUSSION
 I Section 706(2) Of The APA
 
 6
 Section 706(2) of the APA authorizes courts to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "short of statutory right." 5 U.S.C. §§ 706(2)(A), (C). To establish subject matter jurisdiction under this section, the Wilderness Association must demonstrate that the Forest Service's maintenance activities constitute final agency action. Ecology Ctr., Inc. v. U.S. Forest Serv., 192 F.3d 922, 925 (9th Cir.1999). The district court identified the Forest Service's trail maintenance and improvement work alleged in Counts III and VI as the final "agency action" subject to review.[2]
 
 
 7
 The Forest Service argues that this "routine maintenance work" is not final agency action. We agree. Two conditions must be met for agency action to be considered final under the APA. Id. at 925. First, "the action should mark the consummation of the agency's decision making process; and [second], the action should be one by which rights or obligations have been determined or from which legal consequences flow." Id. (citing Bennett v. Spear, 520 U.S. 154, 177, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)).
 
 
 8
 Trail maintenance does not "mark the consummation of the [Forest Service's] decision making process." Bennett, 520 U.S. at 177, 117 S.Ct. 1154. The Forest Service's maintenance activities implement its travel management and forest plans adopted for the Study Areas. The House Report for the Act states, "[n]othing in the [the Act] will prohibit the use of off-road vehicles, unless the normal Forest Service planning process and travel planning process, which applies to all national forest lands, determines off-road vehicle use to be inappropriate in a given area." H.R.Rep. No. 95-620, at 159 (1977) (emphasis added). This legislative history suggests that Congress intended forest and travel management plans to be the consummation of the decision making process with regard to trails allowing off-road vehicle access. Thus, the maintenance of trails designated by those plans is merely an interim aspect of the planning process, not the consummation of it.
 
 
 9
 In addition, the Forest Service's maintenance of trails does not fit into any of the statutorily defined categories for agency action. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 899, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (stating the plaintiff "cannot demand a general judicial review of the BLM's day-to-day operations"). "Agency action" is defined to include "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Jurisdiction under section 706(2) is inappropriate here because the Wilderness Association failed to identify any final "agency action" as defined by the APA. Accordingly, the district court did not have subject matter jurisdiction under the APA to grant summary judgment on Counts III and VI, and we reverse that portion of the district court's order.[3]
 
 II Section 706(1) Of The APA
 
 10
 Section 706(1) of the APA authorizes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Judicial review is appropriate if the Wilderness Association makes a showing of "agency recalcitrance ... in the face of clear statutory duty or ... of such a magnitude that it amounts to an abdication of statutory responsibility." ONRC Action v. Bureau of Land Mgmt. ("BLM"), 150 F.3d 1132, 1137 (9th Cir.1998) (quoting Public Citizen Health Research Group v. Comm'r, Food & Drug Admin., 740 F.2d 21, 32 (D.C.Cir.1984)).
 
 
 11
 The Forest Service argues that its duties under the act are discretionary and no clear statutory duty exists to authorize review under section 706(1). The Forest Service relies on this court's decision in ONRC Action for support. 150 F.3d 1132. The plaintiffs in ONRC Action alleged that the BLM's refusal to impose a moratorium on certain actions pending completion of an Environmental Impact Statement "would violate the mandates of [the National Environmental Policy Act ("NEPA")], requiring preservation of alternatives during the EIS process." 150 F.3d at 1134-35. They alleged also a violation of the Federal Land Management Policy Act ("FLMPA"), requiring revision of land use plans when "appropriate." Id. at 1135, 1139 (quoting 43 U.S.C. § 1701). On the FLMPA claim, we explained that the FLMPA and its implementing regulations set forth policy statements and general guidance, and allow for revision of land use plans without a schedule mandating when plans must be revised, but that neither the FLMPA nor its regulations set forth a clear statutory mandate. Id. at 1139-40. We characterized the plaintiffs' challenge as "one seeking to compel compliance with NEPA and FLMPA" and determined that the action was not subject to review under section 706(1) because the BLM did not have a clear duty to impose the requested moratorium under either NEPA or the FLMPA. Id. at 1137-38, 1140.
 
 
 12
 Here, however, the Act does more than provide a mere policy statement or general guidance; it establishes a management directive requiring the Forest Service to administer the Study Areas to "maintain" wilderness character and potential for inclusion in the Wilderness System. Unlike the requested moratorium in ONRC Action, the Forest Service's duty to maintain wilderness character and potential is a nondiscretionary, mandatory duty that it may be compelled to carry out under section 706(1).
 
 
 13
 The Forest Service argues that even if the Act provides a specific, mandatory duty, the Wilderness Association has not alleged facts demonstrating the Forest Service's complete failure to act, and that review is permitted under section 706(1) "only where there has been a genuine failure to act." Ecology Ctr., 192 F.3d at 926. In Ecology Center, the plaintiffs claimed that the Forest Service had not complied with monitoring duties imposed by NEPA and its implementing regulations. Id. at 923. This court declined to find a "failure to act" because the record demonstrated "that the Forest Service performed extensive monitoring and provided detailed reports recounting its observations," even though it "failed to conduct its duty in strict conformance with" regulations. Id. at 926. In Ecology Center, the duty was simply to monitor and the record demonstrated that the Forest Service had performed several actions to comply with this duty. Here, the duty is to maintain a specified goal, i.e., wilderness character and potential for inclusion in the Wilderness System, and the record does not demonstrate that the Forest Service performed its obligations in an extensive and detailed manner as it did in Ecology Center. While the Forest Service recited the requirements of the Act in some of its decisions, those decisions did not assess whether wilderness character and potential had actually been maintained in the Study Areas. The simple fact that the Forest Service has taken some action to address the Act is not sufficient to remove this case from section 706(1) review. We conclude therefore that the district court did have subject matter jurisdiction to hear this claim.
 
 
 14
 However, the district court articulated the "clear statutory duty" in this case as the Forest Service's duty to "consider the impact of its decisions on the nature, quality, and scope of the [Study Areas'] wilderness character as it existed in 1977." (Emphasis added). We respectfully disagree. The Forest Service's statutory duty under the Act is more specific. The Forest Service's failure to consider the impact of its decisions on wilderness character and potential may be relevant to its duty to maintain the wilderness character and potential, but a simple failure to consider without more is not enough to violate the duty if the area has been "administered so as to maintain [its] presently existing wilderness character and potential for inclusion" in the Wilderness System.
 
 
 15
 The Forest Service presented sufficient evidence to support its claim that it has administered the Study Areas so as to maintain wilderness character and potential, and the Wilderness Association has submitted evidence indicating the opposite. Thus, the record reveals a genuine issue of material fact as to whether the Forest Service has discharged its duty to administer the Study Areas so as to maintain their wilderness character and potential for inclusion in the Wilderness System. Accordingly, we reverse the district court's grant of summary judgment, vacate the injunction, and remand for trial on this issue.
 
 CONCLUSION
 
 16
 We conclude that the district court has subject matter jurisdiction over the claims in Count I under section 706(1) of the APA. However, because genuine issues of material fact exist regarding whether the Forest Service met its duty to administer the Study Areas to maintain wilderness character and potential for inclusion in the Wilderness System, we reverse the district court's grant of summary judgment on Count I and remand for trial.
 
 
 17
 In addition, we reverse the district court's grant of summary judgment on the agency action alleged in Counts III and VI because the district court lacked subject matter jurisdiction under section 706(2) of the APA. To the extent the Wilderness Association's claims in Counts III and VI were based on the Forest Service's alleged inaction, the district court has jurisdiction under section 706(1) of the APA, but genuine issues of material fact exist precluding summary judgment; accordingly, we also remand for trial on the agency inaction issue in Counts III and VI. Because we reverse the district court's grant of summary judgment on all counts, we vacate the injunction issued by the district court.
 
 
 18
 AFFIRMED in part, REVERSED in part, and REMANDED for trial.
 
 
 19
 The parties shall bear their own costs of this appeal.
 
 
 
 Notes:
 
 
 [1]
 The remaining counts were either dismissed or subsumed by Count I
 
 
 [2]
 The district court also pointed to the Forest Service's failure to "develop discernable criteria" for wilderness characteristics as an agency action. The Act, however, does not require the Forest Service to develop criteria, and this type of claim more appropriately fits into the "failure to act" category of Section 706(1)
 
 
 [3]
 To the extent Counts III and VI allege claims based on agency inaction under section 706(1), the district court has jurisdiction and the discussion atinfra Part II applies.