**M. Michael ROUNDS, in his official capacity as Governor of the State of South Dakota, and the State of South Dakota, Plaintiffs,**

v.

**UNITED STATES FOREST SERVICE, et al., Defendants.**

No. 03–CV–0003–B.

United States District Court,
D. Wyoming.

Feb. 6, 2004.

---

Kenneth E. Barker, Barker, Wilson, Reynolds & Burke, Belle Fourche, S.D., Stephen H. Kline, Kline Law Office, Cheyenne, WY, for Plaintiffs.

Carol A. Statkus, U.S. Attorney's Office, Cheyenne, WY, Cynthia S. Huber, Department of Justice, Environment & Natural Resources Division, Washington, D.C., for Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' MOTION TO DISMISS CLAIM UNDER THE ORGANIC ACT

BRIMMER, District Judge.

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings and Defendants' Motion to Dismiss Claim under the Organic Act. Upon reading the briefs, hearing oral arguments, and being fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

### PARTIES AND JURISDICTION

Plaintiff M. Michael Rounds is the Governor of the State of South Dakota and a South Dakota resident. Plaintiff State of South Dakota owns property and land abutting the Black Hills National Forest. This land, along with the Black Hills National Forest, is used and enjoyed by South Dakota and Wyoming citizens.

Defendant United States Forest Service is an agency of the United States Department of Agriculture. The Forest Service is responsible for the administration of the laws relating to the lands within the National Forest System, including the Black Hills National Forest in South Dakota and Wyoming. Defendant Ann M. Veneman is sued in her official capacity as Secretary of Agriculture. Defendant Mark E. Rey is sued in his official capacity as Under Secretary for Natural Resources and Environment. Defendant Dale Bosworth is sued in his official capacity as Chief of the United States Forest Service. Defendant Rick Cables is sued in his official capacity as Regional Forester for the Rocky Mountain Region. Defendant John Twiss is sued in his official capacity as Supervisor of the Black Hills National Forest.

Subject matter jurisdiction has been contested and will be addressed in this Order. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) as some of the Defendants are employees of a United States agency and a substantial part of the events or omissions giving rise to the claims occurred in the Black Hills National Forest which is partially located in Wyoming and is part of the Rocky Mountain Region of the United States Forest Service.

### BACKGROUND

This is a civil action for declaratory and injunctive relief.

This case was initiated by Plaintiffs in their First Amended Complaint pursuant to 5. U.S.C. § 706, alleging that the United States Forest Service failed to comply with the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et. seq.; the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 et seq.; and

the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551 et seq. Plaintiffs filed a Second Amended Complaint in which they added a third claim for relief under the Organic Act of 1897, 16 U.S.C. §§ 473–482, 551.

Plaintiffs allege that the Forest Service has failed to take action regarding the removal and harvesting of dead trees in the Black Hills National Forest and that Defendants' inaction has caused and will continue to cause damage and destruction to the forest, private property and threaten human life. More specifically, Plaintiffs allege that the spread of mountain pine beetles in the Black Hills National Forest has reached epidemic proportions. Beetle-caused tree mortality has increased from 1,500 trees in 1996 to over 300,000 trees in 2002. This infestation has caused a significant increase in the risk of fire. Plaintiffs claim that the exponential spread of the mountain pine beetle will continue with consequent forest fires unless Defendants take immediate and expeditious steps to increase the removal or thinning of dead, damaged, or diseased trees.

Defendants generally deny Plaintiffs' allegations and affirmatively allege: (1) Plaintiffs fail to state a claim upon which relief can be granted; (2) the Court lacks subject matter jurisdiction over this case; and (3) the Organic Act claim is not ripe for judicial review.

### LEGAL ANALYSIS

The original Motion filed by Defendants was for a Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c) for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. The Defendants' second Motion was on the Second Amended Complaint and was filed under Fed.R.Civ.P. 12(b).

### I. Fed.R.Civ.P. 12(c).

In the Tenth Circuit, the standard by which a court must determine a Rule 12(c) motion for judgment on the pleadings is the same as the standard for the more familiar motion to dismiss under 12(b)(6). *Mock v. T.G. & Y Stores Co.*, 971 F.2d 522, 528–29 (10th Cir.1992). At the pleadings stage, general factual allegations of injury resulting from the Defendants' conduct may suffice, for on a motion to dismiss we "presume the general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). However, conclusions of law are not assumed to be true. *Robbins v. Bureau of Land Mgmt.*, 252 F.Supp.2d 1286, 1292 (D.Wyo.2003). The party invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. *United States ex rel. Holmes v. Consumer Ins. Group*, 279 F.3d 1245, 1249 (10th Cir.2002). Because the jurisdiction of federal courts is limited, there is a presumption against jurisdiction. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991).

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## II. *Fed.R.Civ.P. 12(b).*

Defendants bring this motion to dismiss pursuant to Fed.R.Civ.P. 12(b), seeking dismissal of Plaintiffs' Second Amended Complaint because it is not ripe, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The standards for review of motions under Fed.R.Civ.P. 12(b) and 12(c) are the same. Therefore, it is the same standard as those given above.

## III. *NEPA and NFMA claims.*

### A. *Legal Analysis.*

■ Neither NEPA or NFMA provide a private right of action. *Lujan*, 497 U.S. at 882, 110 S.Ct. 3177. Therefore, this Court must review Plaintiffs' claims through the APA. Review of agency action is usually limited to a "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704. The requirement of final agency action is a jurisdictional requirement, and serves to prevent courts from prematurely adjudicating matters that are initially committed to the agency's expertise and discretion. *Utah v. Babbitt*, 137 F.3d 1193, 1203 (10th Cir.1998); *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998). The core question in evaluating if there is final agency action is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties. *Franklin v. Mass.*, 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992).

■ In limited circumstances, an agency's failure to act can itself be a final agency action. 5 U.S.C. §§ 551(13)[1] and 706(1). Jurisdiction under this exception only exists when the agency fails to carry out a mandatory, nondiscretionary duty. *See ONRC Action v. BLM*, 150 F.3d 1132 (9th Cir.1998). By contrast, if a duty is not mandated, or if an agency possesses discretion over whether to act in the first instance, a court may not grant relief under § 706(1). *Willow Creek Ecology v. U.S. Forest Serv.*, 225 F.Supp.2d 1312, 1317 (D.Utah 2002). In "extraordinary circumstances" a court may review claims of unreasonable agency delay pursuant to 5 U.S.C. § 706(1). *In re Int'l Chem. Workers Union*, 958 F.2d 1144, 1149 (D.C.Cir.1992).

### B. *Legal Application.*

This Court reaffirmed Magistrate Judge Beaman's order which limited the review of the NEPA and NFMA claims to the Administrative record.[2] Magistrate Judge Beaman held that judicial review of Plaintiffs' NEPA and NFMA claims were governed by the provisions of the APA and subject to review as an appeal under the procedures set forth in *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir.1994). In addition, Magistrate Judge Beaman held that the case at hand alleged a "failure to act" which could be treated as a final agency action and therefore governed by the same standard, requiring review based on the administrative record. This Court upheld Magistrate Judge Beaman's order based on *Olenhouse*. The claims under NEPA and NFMA are governed by the provisions of the APA and therefore are subject to review as appeals. Section 701 of the APA provides that an

---

1. 5 U.S.C. § 551(13) states "Agency Action includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."

2. Order dated December 3, 2003. This Court's Order affirmed Magistrate Judge Beaman's order limiting review to the administrative record. The Order also allowed each party to use three experts to assist the Court and supplement the administrative record. On January 22, 2004, this Court allowed each party one additional expert.

agency action is subject to judicial review except where there is a statutory prohibition on review or where agency action is committed to agency discretion as a matter of law. *Olenhouse*, 42 F.3d at 1572 (citing 5 U.S.C. § 701(a)(1)(2)). With regard to NEPA and NFMA, there is no statutory exception or agency discretion, and therefore each claim will be reviewed as an appeal under the APA.

Magistrate Judge Beaman determined upon review of the parties' motions and briefs that the NEPA and NFMA claims will be reviewed as an administrative appeal using the administrative record. This Court reaffirmed Magistrate Judge Beaman's Order and ruled that the agency's "failure to act" will be reviewed pursuant to Section 701 of the APA. Therefore, this Court has already ruled that it has subject matter jurisdiction, pursuant to 5 U.S.C. § 701, in regards to the NEPA and NFMA claims.

In addition, this Court finds the NEPA and NFMA claims are reviewable under Section 706(1) of the APA. This exception permits the court to review claims to compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The failure of an agency to act or an unreasonable delay in taking action is reviewable by a federal court. In *Ctr. for Biological Diversity v. Veneman*, the Court held:

> To establish a right to review under § 706(1), the Center must identify a

statutory provision mandating agency action. "Judicial review is appropriate if the [plaintiff] makes a showing of 'agency recalcitrance ... in the face of clear statutory duty or ... of such a magnitude that it amounts to an abdication of statutory responsibility.'" *Mont. Wilderness Assoc. v. United States Forest Serv.*, 314 F.3d 1146, 1150 (9th Cir.2003) (quoting *ONRC Action v. Bureau of Land Mgmt.*, 150 F.3d 1132, 1137 (9th Cir.1998)).

335 F.3d 849, 854 (9th Cir.2003).

■ Plaintiffs contend, and this Court agrees, that the Forest Service has unreasonably delayed in the removal or thinning of dead, damaged or diseased timber from the Black Hills National Forest and delayed the completion and release of the Phase II Amendment and therefore has unreasonably delayed a mandatory, statutory duty "to make provisions for the protection against the destruction by fire and depredations upon the public forests and national forests." 16 U.S.C. § 551.[3] Therefore, this Court has a judicial right of review under Section 706(1) of the APA for the Forest Service's "unreasonable delay" of a mandatory duty and under Section 701 of the APA for their failure to act, which has been deemed a final agency action.

The only remaining issue on the NEPA and NFMA claims is whether this Court can grant Plaintiffs' requested relief.[4] De-

---

**3.** 16 U.S.C. § 551 is the Organic Act of 1897. NEPA and NFMA are both supplemental to the Organic Act, which sets out the mandatory duty of the Secretary of Agriculture and the Forest Service to prevent destruction by fire or depredation by insects. *See California v. Block*, 690 F.2d 753, 757 (9th Cir.1982) (The Organic Act was supplemented by the Multiple–Use and Sustained–Yield Act of 1960(MUSYA), 16 U.S.C. § 528 (1976). In 1976, the NFMA directed the Secretary to publish regulations, "under the principles of

the MUSYA of 1960, governing the development of land management plans for units of the National Forest System.").

**4.** Plaintiffs' Second Amended Complaint requests the Court grant the following relief: "an order mandating the Defendants to proceed with the expeditious and increased removal and/or thinning of dead, damaged or diseased timber from the Black Hills National Forest"; "an order mandating the Defendants to proceed with the harvesting of 3C

fendants' argue that as a matter of law, neither Plaintiffs' specific requests for relief, nor any other relief consistent with Plaintiffs' allegations can be granted. Defendants argue that the provisions of NFMA and NEPA do not mandate, and this Court may not order, that the Forest Service take any of the actions identified. Defendants point out that the Forest Service cannot undertake such projects unless preceded by necessary administrative processes.

The APA provides that "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed." *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1187 (10th Cir.1999) (citing 5 U.S.C. § 706(1)). The Tenth Circuit stated "[t]hrough § 706 Congress has stated unequivocally that courts must compel agency action unlawfully withheld or unreasonably delayed." *Id.* As this Court has stated the Forest Service may have unreasonably delayed a mandatory duty to make provisions for the pro-

tection against the destruction by fire and depredations upon the public forests and national forests.[5] Under Section 706 of the APA, if the Court during the administrative review finds an unreasonable delay, then this Court must compel agency action.[6] *See Forest Guardians*, 174 F.3d at 1191.

"If, after studying the statute and its legislative history, the court determines that the defendant official has failed to discharge a duty which Congress intended him to perform, the court should compel performance, thus effectuating the congressional purpose." *Estate of Smith v. Heckler*, 747 F.2d 583, 591 (10th Cir.1984); *see Mt. Emmons Mining Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir.1997) ("As a reviewing court, we must 'compel agency action unlawfully withheld or unreasonably delayed.' "); *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir.1991) ("Mandamus relief is an appropriate remedy to compel an administrative agency to act where it has failed to perform a nondiscretionary, ministerial duty. Administrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform.").

and 4C structural stages of the Black Hills National Forest"; "an order mandating that the Defendants allow increased thinning of dead, damaged, or diseased timber from the Black Hills National Forest in an amount of 83 million board feet per year as provided by the allowable sales quota under the 1997 Black Hills National Forest Plan"; "an order mandating that the Defendants promptly issue its Phase II Amendment to the Forest Plan by a date certain, which encompasses an adequate amount of harvesting of timber in the Black Hills National Forest that will reasonably control the mountain pine beetle scourge presently devastating the Forest"; and "order directing the Secretary of Agriculture and the Forest Service to take whatever additional steps are necessary to comply with the mandatory duty to protect the Black Hills National Forest against destruction by fire

and depredations." (Pls'. Sec. Am. Compl., at p. 11–12).

5. The Forest Service has represented to the U.S. District Court of Colorado that the Phase II Amendment would be completed in 2002. It has now been two years since this alleged current evaluation began and one year since the targeted completion date of the Phase II Amendment, and it still has not been issued. This gives rise to unreasonable delay.

6. "If an agency has no concrete deadline establishing a date by which it must act, and instead is governed only by general timing provisions—such as the APA's general admonition that agencies conclude matters presented to them 'within a reasonable time,' see 5. U.S.C. § 555(b)a court must compel only action that is delayed unreasonably." *Forest Guardians*, 174 F.3d at 1190.

This Court finds that Plaintiffs have established a potential violation of the mandatory duty conferred upon the Secretary of Agriculture and the United States Forest Service by 16 U.S.C. § 551 and judicial review is appropriate. This Court has appropriate remedies to compel the Forest Service to act where it was unreasonably delayed in its statutory obligations. This Court has subject matter jurisdiction over the NEPA and NFMA claims and can order the appropriate remedy. Therefore, Defendants' Motion for Judgment on the Pleadings in regard to Plaintiffs' NEPA and NFMA claims is **DENIED**.

## IV. *Organic Act.*

Plaintiffs have amended their complaint to add a claim alleging that the United States Forest Service has violated the Organic Act of 1897, 16 U.S.C. § 551, by failing to protect the Black Hills National Forest "from destruction by fire and depredations." (Pls.' Sec. Am. Compl., ¶ 37). Defendants submit that Plaintiffs' new claim under the Organic Act must be dismissed because it is not ripe for review, the Second Amended Complaint fails to state a claim for which relief may be granted and this Court lacks subject matter jurisdiction. (Memo. in Supp. of Defs.' Mot. to Dismiss Claim under the Organic Act, "Defs.' Memo. on Organic Act", p. 2).

### A. *Ripe for Review.*

Defendants claim the Organic Act claim is not ripe for review. Plaintiffs seek to have the Forest Service issue the Phase II Amendment to the 1997 Forest Plan and to implement various recommendations included in a report done by the Forest Service about the conditions on part of the Black Hills National Forest. (Pls.' Sec. Am. Compl., Prayer for Relief, ¶¶ 6,7). Defendants argue that since the Forest Service is in the midst of the Forest Plan amendment process, the dispute is not ripe for review by this Court. That until the Amendment process is complete, this Court should allow the Agency to proceed with its normal regulatory process.

It is clear that the Black Hills National Forest is in the midst of their Phase II Amendment process. The Forest Service is considering what amendments may be needed to the 1997 Forest Plan to address a variety of issues, including reducing fire and insect risk. The Forest Service is preparing an EIS, which Defendants admit will take substantial time to complete. Defendants argue that "whether of not the final EIS will be published in September 2004 or the schedule for the Phase II process slips somewhat, Plaintiffs' claim is not ripe and must be dismissed." (Defs.' Memo. on Organic Act, p. 10).

■ The Supreme Court has held that the ripeness requirement is designed

> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Ohio Forestry Assoc.,* 523 U.S. at 732, 118 S.Ct. 1665(quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). In deciding whether the Forest Service's decision is, or is not, ripe for judicial review, this Court must examine both the "fitness of the issues for judicial decision" and the "hardship to the parties of withholding court consideration." *Id.* The Supreme Court, in *Ohio Forestry Assoc.,* considered three factors: (1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented. *Id.* This case is

ripe for judicial review after taking these factors collectively together under consideration.

As early as January 7, 2002, the Forest Service was projecting September 2003 as the completion date for the Phase II Amendment. Under Secretary Mark Rey issued a memo on March 14, 2002, instructing the Forest Service to complete the Phase II Amendment as expeditiously as possible, and by December 2003 at the latest.[7] Subsequent timelines issued by the Forest Service immediately projected completion by October, 2003; Fall of 2003; and December 2003. The completion date has now slipped back to October 2004. The Forest Service has recognized the extreme harm done from the infestation of the mountain pine beetle and the correlated immediate fire danger. A major fire in the Black Hills National Forest will place an extreme hardship upon the State of South Dakota, its residents and the Forest Service. The Defendants' administrative record itself repeatedly stresses the need for immediate action. Therefore, delaying review, as Defendants state is prudent, until after October 2004 (at the earliest), when the Phase II Amendment might be published and completed, will be an extreme hardship on Plaintiffs as well as many others.

In affirming this Court's dismissal for lack of ripeness in *Coalition for Sustainable Res. v. U.S. Forest Serv.*, 48 F.Supp.2d

1303 (D.Wyo.1999), the Tenth Circuit noted, "we cannot say that the district court committed clear error in finding a lack of immediate jeopardy." *Coalition for Sustainable Res. v. U.S. Forest Serv.*, 259 F.3d 1244, 1252 (10th Cir.2001). The Tenth Circuit further stated that "the possibility of short-term water-use restrictions is not enough to make this case fit for immediate judicial resolution." *Id.* However, the case at hand does not address temporary inconveniences, but instead reaches into areas of public safety, protection of private property and potential loss of human life.

This Court has previously ruled that judicial intervention would improperly interfere with an agency processes. *See Coalition for Sustainable Res.*, 48 F.Supp.2d at 1314. However, the previous cases did not demonstrate such urgency in promulgating an immediate solution to the Plaintiff's claim. The Forest Service is currently revising the Forest Plan through the Phase II Amendments which portions of the revisions will address the beetle infestation. The pace of the Forest Service's work on the Phase II Amendments or more specifically the infestation and fire danger is troublesome to this Court. The continuous deferment of the Phase II Amendment release date, taken in consideration of the acknowledged urgency, demonstrates to this Court that judicial intervention through the assistance of the allowed experts is necessary.[8]

---

**7.** "I understand that the Forest Service believes Phase II can be completed by December 31, 2003, if sufficient resources are allocated to this effort. The Department supports completion of Phase II within this timeframe and directs the Forest Service to ensure a decision by the Regional Forester on Phase II by December 31, 2003. In order to meet that date, the Agency should consider various means of expediting the process, such as the use of private contractors.... Where currently allowed, the Forest Service should proceed without further delay to develop and implement activities to treat the mountain pine

beetle infestation and reduce the associated fire risks... the Forest Service should complete Phase II as expeditiously as possible." (Pls.' Memo. on Organic Act, Ex. C, "Memorandum for the Chief, from Mark Rey, Under Secretary, Natural Resources and Environment, March 14, 2002.")

**8.** This Court has allowed the parties to supplement the administrative review with four experts each. The experts will assist the court in reviewing and understanding the present issues and potential remedies.

Defendants claim that intervention by this Court at this time would improperly interfere with the Phase II Amendment process and would be a waste of governmental resources. However, not addressing the insect infestation issue immediately and allowing the Forest Service to continue their research and analysis could lead to an even larger waste of governmental resources in fighting a large forest fire and potentially not having a forest to manage and protect, as 16 U.S.C. § 551 requires.[9] Therefore, Plaintiffs have meet the burden of establishing ripeness in regards to the Organic Act claims and Defendants' Motion is **DENIED**.

### B. *Subject Matter Jurisdiction over Plaintiffs' Claims.*

Plaintiffs allege that Defendants have failed or unreasonably delayed in exercising the authority of the Organic Act to "make provisions for the protection against destruction by fire and depredations" of the Black Hills National Forest. Plaintiffs allege that the refusal to harvest to the level of the ASQ, delay in issuance of the Phase II Amendment, and failure or delay implementing the recommendations from a report relating to insects is a violation of the Organic Act actionable under the APA. In order to state a claim under the APA for unreasonable delay or failure to act, Plaintiffs must identify a clear legal duty to act. This Court has already addressed the clear legal duty to act in regards to the NEPA and NFMA claims. The same analysis should be applied to the Organic Act claims. There is a clear duty to protect the Black Hills National Forest "against the destruction by fire and depredations upon the public forests and national forests." 16 U.S.C. § 551. This Court has found the duty to protect the forest against destruction from fire to be a mandatory duty.

■ This Court finds the Organic Act claims are reviewable under Section 706(1) of the APA. That provision permits the court to review claims to compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Forest Service has unreasonably delayed the implementation of the Phase II Amendment, the removal or thinning of dead, damaged or diseased timber from the Black Hills National Forest, and the application of other available remedies to address the mountain pine beetle infestation and high risk of fire and therefore has unreasonably delayed a mandatory duty.

The Defendants' administrative record repeatedly states the need to keep the mountain pine beetle epidemic under control by increasing harvesting. However, there has been evidence presented to this Court that the Forest Services' record reflects a decrease in actual harvesting of timber. The delay in harvesting the timber, along with the other delays in the Phase II Amendments, are enough evidence of an agency action "unreasonably delayed" to fall under the type of inaction Congress had in mind when promulgating 5 U.S.C. § 706. This Court has subject matter jurisdiction over the Organic Act claim pursuant to Section 706(1) of the APA and the mandatory duty of the Forest Service to protect against the destruction by fire and depredations upon the public forests and national forests. Therefore, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**.

---

**9.** The urgency of the fire risk in the National Forests was made clear when on December 3, 2003, the President signed the Healthy Forest Restoration Act. The Act demonstrates recognition by Congress and the Bush Administration that our forest are at risk.

### C. *Failure to State a Claim Which Relief May be Granted.*

Defendants assert that Plaintiffs' Organic Act action should be dismissed for failure to state a claim for which relief can be granted. Defendants claim that Plaintiffs' Prayer for Relief related to the Organic Act claim incorporates most of the requests also made as to the NEPA and NFMA claims. (Defs.' Memo. on Organic Act, p. 20; Pls'. Sec. Am. Compl., Prayer ¶¶ 2,3,4,5,8 and 9).

This Court has already ruled that Plaintiffs have established a potential violation of the mandatory duty conferred upon the Secretary of Agriculture and the United States Forest Service by 16 U.S.C. § 551 and judicial review is appropriate. This Court has available appropriate remedies to compel the Forest Service to act where there was an unreasonable delay in its actions. This Court has subject matter jurisdiction over the Organic Act claims and can order the appropriate remedy. Therefore, Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted in regards to Plaintiffs' Organic Act claims is **DENIED**.

### CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED** that Defendants' Motion for Judgment on the Pleadings and Defendants' Motion to Dismiss Claim under the Organic Act are **DENIED**.