CITY NEWS & NOVELTY, INC. *v.* CITY OF WAUKESHA

No. 99–1680.   Argued November 28, 2000—Decided January 17, 2001

GINSBURG, J., delivered the opinion for a unanimous Court.

*Jeff Scott Olson* argued the cause for petitioner. With him on the briefs were *Richard L. Wilson, John H. Weston, G. Randall Garrou,* and *Cathy E. Crosson.*

*Curt R. Meitz* argued the cause for respondent. With him on the brief were *Vincent D. Moschella* and *Thomas C. Goldstein.*

*James A. Feldman* argued the cause for the United States as *amicus curiae* urging affirmance. With him on the brief were *Solicitor General Waxman, Assistant Attorney General Ogden, Deputy Solicitor General Kneedler, Lisa Schiavo Blatt, Michael Jay Singer,* and *Howard S. Scher.**

JUSTICE GINSBURG delivered the opinion of the Court.

In *Freedman* v. *Maryland,* 380 U. S. 51 (1965), a case involving a state motion-picture censorship scheme, the Court announced procedural requirements necessary to guard against unconstitutional prior restraint of expression.

---

*Briefs of *amici curiae* urging reversal were filed for the American Booksellers Foundation for Free Expression et al. by *Michael A. Bamberger;* for the American Charities for Reasonable Fund Raising Regulation, Inc., by *Edward N. Mazlish;* and for the Liberty Project by *Jodie L. Kelley.*

Briefs of *amici curiae* urging affirmance were filed for the State of Alabama et al. by *James E. Doyle,* Attorney General of Wisconsin, *Thomas J. Balistreri,* Assistant Attorney General, *Bill Pryor,* Attorney General of Alabama, *Ken Salazar,* Attorney General of Colorado, and *Don Stenberg,* Attorney General of Nebraska; for the Community Defense Counsel by *Len L. Munsil* and *Scott D. Bergthold;* for Morality in Media, Inc., et al. by *Robin S. Whitehead* and *Bruce A. Taylor;* and for the National League of Cities et al. by *Richard Ruda* and *Charles A. Rothfeld.*

*Gary S. Edinger* filed a brief for the Florida Cannabis Action Network, Inc., as *amicus curiae.*

Those requirements included assurance of "a prompt final judicial decision, to minimize the deterrent effect of an interim and possibly erroneous denial of a license." *Id.*, at 59. Twenty-five years later, in *FW/PBS, Inc.* v. *Dallas*, 493 U. S. 215 (1990), the Court applied some of the *Freedman* standards to a municipal ordinance conditioning the operation of sexually oriented businesses on receipt of a license. Unsuccessful applicants for an adult business license, the opinion announcing the judgment stated, must be accorded "an avenue for prompt judicial review." 493 U. S., at 229.

Courts have divided over the meaning of *FW/PBS*'s "prompt judicial review" requirement. Some have held that the unsuccessful applicant for an adult business license must be assured a prompt judicial determination on the merits of the permit denial. See, *e. g.*, *Baby Tam & Co.* v. *Las Vegas*, 154 F. 3d 1097, 1101–1102 (CA9 1998); *11126 Baltimore Blvd., Inc.* v. *Prince George's County*, 58 F. 3d 988, 999–1000 (CA4 1995) (en banc). Others, like the Court of Appeals of Wisconsin whose judgment is before us, 231 Wis. 2d 93, 115–116, 604 N. W. 2d 870, 882 (1999), have held that prompt access to court review suffices. See, *e. g.*, *Boss Capital, Inc.* v. *Casselberry*, 187 F. 3d 1251, 1256–1257 (CA11 1999); *TK's Video, Inc.* v. *Denton County*, 24 F. 3d 705, 709 (CA5 1994). We granted certiorari to resolve the conflict. 530 U. S. 1242 (2000). We now find, however, that the issue stemming from *Freedman* is not genuinely presented to us in this case. We therefore dismiss the petition and leave the judgment of the Wisconsin court undisturbed.

I

The City of Waukesha, Wisconsin (City), requires sellers of sexually explicit materials to obtain and annually renew adult business licenses. See Waukesha Municipal Code §§ 8.195(2), (7) (1995), reprinted in App. to Pet. for Cert. 101, 104. Petitioner City News and Novelty, Inc. (City News), pursuant to a City license first obtained in 1989, owned and

operated an adult-oriented shop in downtown Waukesha. In November 1995, City News applied for a renewal of its license, then due to expire in two months. In December 1995, Waukesha's Common Council denied the application, finding that City News had violated the City's ordinance by permitting minors to loiter on the premises, failing to maintain an unobstructed view of booths in the store, and allowing patrons to engage in sexual activity inside the booths. Waukesha's refusal to renew City News's license was upheld in administrative proceedings and on judicial review in the state courts.

Petitioning for certiorari, City News raised three questions. First, City News asserted that the persuasion burden had been improperly assigned to it. Second, City News urged that Waukesha's ordinance unconstitutionally accorded City officials unbridled discretion to vary punishments for ordinance violations. Third, City News asked us to "resolve the conflict among the circuits concerning whether the guarantee of prompt judicial review that must accompany [an adult business] licensing scheme means a prompt judicial determination or simply the right to promptly file for judicial review." Pet. for Cert. 13. We granted the petition only on the third question. Accordingly, City News cannot now contend that any of the substantive requirements governing adult business licenses in Waukesha conflict with the First Amendment. Nor does City News contend that the evidence failed to substantiate the charged violations. We now explain why City News is not properly situated to raise the question on which we granted review.

II

In letters sent to Waukesha two months after petitioning for review in this Court, City News gave notice that it would withdraw its renewal application and close its business upon the City's grant of a license to another corporation, B. J. B., Inc., "a larger and more modern business" with which City

News felt "it [could not] effectively compete." Letters from Jeff Scott Olson to Vince Moschella (June 12 and 19, 2000), Respondent's Lodging, Vol. 1, Tab No. 14. Waukesha granted B. J. B.'s license application on June 20. It is undisputed that City News has ceased to operate as an adult business and no longer seeks to renew its license. Tr. of Oral Arg. 14–15.

Observing that City News neither now pursues nor currently expresses an intent to pursue a license under Waukesha law, Waukesha asserts that the case has become moot, for City News no longer has "a legally cognizable interest in the outcome." *County of Los Angeles* v. *Davis,* 440 U. S. 625, 631 (1979) (citing *Powell* v. *McCormack,* 395 U. S. 486, 496 (1969)). We agree that the case no longer qualifies for judicial review. Urging that the case remains fit for adjudication, City News tenders two points. We find neither persuasive.

Noting that it "has never promised not to apply for a license" in the future, Reply Brief 1, City News first contends that, notwithstanding the voluntary termination of its license renewal effort, a live controversy remains under the Court's reasoning in *Erie* v. *Pap's A. M.,* 529 U. S. 277 (2000). In our view, *Erie* differs critically from this case. In *Erie,* we similarly granted a petition to review a state-court judgment addressing an adult business' First Amendment challenge to a city ordinance. We concluded that the controversy persisted, even though the adult business had shut down. We reached that conclusion, it is true, in part because the business "could again decide to operate." *Id.,* at 287. That speculation standing alone, however, did not shield the case from a mootness determination. Another factor figured prominently. The nude dancing entrepreneur in *Erie* sought "to have the case declared moot" after the business had "prevailed below," obtaining a judgment that invalidated Erie's ordinance. *Id.,* at 288. Had we accepted the entrepreneur's plea, then consistent with our practice when a case

becomes moot on review from a state court, we would have dismissed the petition, leaving intact the judgment below. See *ASARCO Inc.* v. *Kadish,* 490 U. S. 605, 621, n. 1 (1989); *Erie,* 529 U. S., at 305 (SCALIA, J., concurring in judgment). Thus, had we declared *Erie* moot, the defendant municipality would have been saddled with an "ongoing injury," *i. e.,* the judgment striking its law. *Id.,* at 288. And the plaintiff arguably would have prevailed in an "attemp[t] to manipulate the Court's jurisdiction to insulate a favorable decision from review." *Ibid.*

In this case, we confront no parallel circumstance. The adult enterprise before us left the fray as a loser, not a winner. Our dismissal here does not keep Waukesha under the weight of an adverse judgment, or deprive Waukesha of its victory in state court. Nor does a mootness dismissal reward an arguable manipulation of our jurisdiction, for plaintiff City News, unlike the nude dancing entrepreneur in *Erie,* opposes a declaration of mootness.[1]

City News also urges that it experiences ongoing injury because it is conclusively barred by Waukesha's ordinance from reopening as an adult business until 2005. It is far

---

[1] City News appears to rely on the general rule that voluntary cessation of a challenged practice rarely moots a federal case. See, *e. g., Friends of Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.,* 528 U. S. 167, 189 (2000). But that rule traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior. See *Gwaltney of Smithfield, Ltd.* v. *Chesapeake Bay Foundation, Inc.,* 484 U. S. 49, 66–67 (1987) ("Mootness doctrine . . . protects plaintiffs from defendants who seek to evade sanction by predictable 'protestations of repentance and reform.'") (quoting *United States* v. *Oregon State Medical Soc.,* 343 U. S. 326, 333 (1952)); see also *Friends of Earth,* 528 U. S., at 189 (Courts are not "compelled to leave '[t]he defendant . . . free to return to his old ways.'") (quoting *City of Mesquite* v. *Aladdin's Castle, Inc.,* 455 U. S. 283, 289, n. 10 (1982), in turn quoting *United States* v. *W. T. Grant Co.,* 345 U. S. 629, 632 (1953)). That principle does not aid City News. For it is City News, not its adversary, whose conduct saps the controversy of vitality, and City News can gain nothing from our dismissal.

from clear, however, whether City News actually suffers that disability.[2] And as our prior discussion suggests, *supra*, at 283, a live controversy is not maintained by speculation that City News might be temporarily disabled from reentering a business that City News has left and currently asserts no plan to reenter. See *Spencer* v. *Kemna*, 523 U. S. 1, 15–16 (1998).

City News's contention that it remains a qualified complainant also fails for a separate reason. Full briefing and argument have revealed that the question City News tendered, and which we took up for review, is not now and never was accurately reflective of City News's grievance. Unlike the initial license applicant whose expression cannot begin prepermission (the situation of the complainant in *Freedman*), City News was already licensed to conduct an adult business and sought to fend off a stop order. Swift judicial review is the remedy needed by those held back from speaking. We do not doubt that an ongoing adult enterprise facing loss of its license to do business may allege First Amendment injuries. Such an establishment's typical concern, however, is not the speed of court proceedings, but the avail-

---

[2] City News points to Waukesha's rule that to receive an adult entertainment license, an applicant "shall not have been found to have previously violated [the adult business ordinance] within 5 years immediately preceding the date of the application." Waukesha Municipal Code § 8.195(4)(a)(2) (1995), reprinted in App. to Pet. for Cert. 103. It was in 1995, however, that Waukesha last found City News to have violated the City ordinance. As City News recognizes, the disabilities from these violations expired in 2000. Reply Brief 2. City News asserts that it remains vulnerable to the bar because, in violation of the ordinance, it operated without a license into the year 2000. But this argument runs up against the facts that, since 1995, City News has not "been found" by Waukesha's Common Council to have violated the ordinance, and that the council expressly permitted City News to continue in business during the pendency of state-court proceedings. See Petitioner's Lodging, Tab No. 3. If City News seeks a license in the future, and if Waukesha attempts to invoke its five-year bar, nothing in the prior proceedings or in our disposition today will disable City News from contesting the bar's application.

ability of a stay of adverse action during the pendency of judicial review, however long that review takes.

Unlike the petitioner in *Freedman*, who sought, through swift court review, an end to the status quo of silence, City News sought to maintain, *pendente lite*, the status quo of speech (or expressive conduct). Brief for Petitioner 43–44. We venture no view on the merits of an argument urging preservation of speech (or expressive conduct) as the status quo pending administrative and judicial review proceedings. It suffices to point out that the question is not the one on which the courts have divided or on which we granted certiorari.

For the reasons stated, the writ of certiorari is

*Dismissed.*