**WILLOW CREEK ECOLOGY, et al., Plaintiffs,**

v.

**UNITED STATES FOREST SERVICE, et al., Defendants.**

**No. 1:01CV00042K.**

United States District Court, D. Utah, Central Division.

Oct. 10, 2002.

---

**17.** *See, e.g., United States v. Johnson,* 12 F.3d 1540, 1544 (10th Cir.1993).

**1314**

Joro Walker, Land & Water Fund of the Rockies, Salt Lake City, UT, Neil Levine, Earthjustice Legal Defense Fund, University of Denver Law School, Denver, CO, for Plaintiffs.

Carlie Christensen, Maggie H. Abuhaidar, U.S. Attorney's Office, for Defendants.

## ORDER

KIMBALL, District Judge.

This matter is before the court on Defendants' motion to dismiss. A hearing on the motion was held on September 25, 2002. At the hearing, Defendants were represented by Carlie Christensen and Plaintiffs were represented by Neil Levine. After carefully considering the pleadings, memoranda, and other materials submitted by the parties and the law and facts relating to this matter, and now being fully advised, the court renders the following ORDER.

## BACKGROUND

This cases arises from a United States Forest Service ("USFS") Decision Notice issued in February 1999 by Forest Supervisor Bernie Weingardt authorizing the harvest of lodgepole pine and spruce-fir in the Wasatch–Cache National Forest ("Bear Hodges Project"). The contract for the lodgepole pine harvest was awarded in May 2000, and harvesting was completed in October 2001. On March 30, 2001 Plaintiffs filed an action seeking judicial review of the Decision Notice pursuant to the Administrative Procedure Act ("APA"). Plaintiffs sought an order declaring that Defendants violated the National Environmental Protection Act ("NEPA"), 42 U.S.C. §§ 4271 et seq., and the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600–14, compelling Defendants' compliance with NEPA and NFMA, directing Defendants to rescind the Decision Notice, and enjoining further harvesting in the Bear Hodges Project area. In view of the court's hearing in the case of *Utah Environmental Congress v. Zieroth* ("*UEC*"), 190 F.Supp.2d 1265 (D.Utah 2002), Defendants filed a motion to stay the proceedings pending the court's decision in the UEC case. On February 1, 2002, the court granted Defendants' motion and enjoined Defendants from further implementation of the Bear Hodges Project. Subsequent to the decision in the UEC case, Defendants withdrew the February 1999 Decision Notice.

## DISCUSSION

Defendants moved to dismiss the Plaintiffs' claims based on mootness under Article III of the U.S. Constitution or under the doctrine of prudential mootness because the February 1999 Decision Notice was voluntarily withdrawn.

## A. Article III Mootness

■ "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). In analyzing whether voluntary cessation of a challenged activity can moot a pending matter, it must be determined if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocable eradicated the effects of the alleged violations." *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (citations omitted). Moreover, "the burden of demonstrating mootness 'is a heavy one.'" *Id.* In *City of Mesquite*, the Supreme Court applied this test and found that although the challenged legislation had been repealed, the issue was not moot because "the city's repeal ... would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated." 455 U.S. at 289, 102 S.Ct. 1070. However, the Tenth Circuit has interpreted *City of Mesquite* to apply to situations in which the issuing agency has an "openly-announced intention to re-enact the unconstitutional ordinance if the case was dismissed as moot." *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1223 (2001). The court must also consider whether the voluntary cessation is an attempt to evade judicial review. *See City News and Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n. 1, 121 S.Ct. 743, 148 L.Ed.2d 757 (2001).

### 1. Timber Remaining in Bear Hodges Project

The USFS contends that this case is moot because Forest Supervisor Thomas Tidwell withdrew the February 1999 Decision Notice in light of the holding in the UEC case and there is currently no authorization to harvest timber in the Bear Hodges Project. Conversely, Plaintiffs argue that there remains a live controversy because Defendants have not indicated how it will correct the alleged NEPA violations, and therefore, Defendants are free to issue a new or reissued decision notice on the same project with the same NEPA deficiencies.

■ Under the APA, judicial review of agency action is limited to final agency action. 5 U.S.C § 704. Because the February 1999 Decision Notice has been withdrawn, there is no longer a final agency action which is subject to judicial review. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 882, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("When ... review is sought ... under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'"). Moreover, unlike the situation in *City of Mesquite*, in the instant case, the evidence on record does not support an intent to reissue a decision notice with the same alleged deficiencies after a dismissal on mootness grounds. Indeed, the evidence of record, including the withdrawal of the Decision Notice specifically in light of the *UEC* ruling and Thomas Tidwell's Affidavit indicating the USFS's intention to follow the law, supports the opposite conclusion. Furthermore, as a new or reissued decision notice would be subject to judicial review under § 706 of the APA, this is not the type of agency action likely to evade judicial review. *See City News and Novelty*, 531 U.S. at 284 n. 1, 121 S.Ct. 743.

■ Finally, declaratory relief is not warranted because "[t]o be cognizable in federal courts, ... '[the suit] must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be

upon a hypothetical state of fact.'" *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). Accordingly, as there is no timber harvest authorized for the Bear Hodges Project, "an order would constitute relief to a hypothetic and non-existent injury." *Bear Lodge Multiple Use Ass'n v. Babbitt*, 2 F.Supp.2d 1448, 1452 (D.Wyo.1998). Therefore, Plaintiffs' claims regarding timber remaining in the Bear Hodges Project are moot.

**2. Timber Harvested From the Bear Hodges Project**

■ Plaintiffs argue that the claims relating to timber already harvested are not moot because effective relief is available in the form of an order to complete monitoring of management indicator species ("MIS") and to adopt mitigation measures for the area of the completed harvest. Plaintiffs have brought claims under both NEPA and NFMA. NEPA is procedural in nature. "NEPA does not work by mandating that agencies achieve particular and substantive environmental results.... NEPA ensures that the agency will not act on incomplete information, only to regret its decision after it is too late to correct." *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 371, 109 S.Ct. 1851, 104 L.Ed.2d 377 (1989). Accordingly, remedies under NEPA are limited to procedural remedies. *See Utah Council v. United States Army Corp of Engineers*, 187 F.Supp.2d 1334, 1338–1339 (D.Utah 2002). Conversely, NFMA exists to "maintain or restore ecological sustainability of national forests." 36 C.F.R. § 219.2(a). Accordingly, a case is not moot under NFMA as long as effective relief is available to counteract the effects of the violation.

Plaintiffs rely on a number of cases wherein completion of the federally autho-

rized project did not render the challenge moot. In *Airport Neighbors Alliance, Inc. v. United States*, a proposal for an expansion of an airport runway was challenged. 90 F.3d 426, 427–28 (10th Cir.1996). Although the runway expansion was completed, the court found that the completion "renders moot any claim relating to the *construction* of the runway," *id.* at 429, but the court could still "consider whether [the agency] complied with NEPA by adequately addressing the environmental impacts resulting from the enhanced *use* of the runway," *id.* Similarly, in *National Parks and Conservation Association v. FAA*, a proposal for construction and use of an airport was challenged. 998 F.2d 1523, 1525 (10th Cir.1993). Although the airport was completed, the case was not moot because "the land could be reconveyed to the [Bureau of Land Management] or certain restrictions could be placed on the use of the airport." *Id.* at 1525 n. 3. Finally, in *Utah Council v. United States Army Corp of Engineers*, a proposal for the construction of three pipelines, two of which had been completed or substantially completed, was challenged. 187 F.Supp.2d 1334, 1337–38 (D.Utah 2002). The court recognized that in *Airport Neighbors* the Tenth Circuit had distinguished between the construction and use of the completed project. *Id.* at 1339. Accordingly, the *Utah Council* court concluded that "the Plaintiffs' challenges relating to the construction of the completed projects are moot. However, the court may consider whether the mitigation measures were adequate ... and order procedural relief if the agencies did not follow the mandate of NEPA and the APA." *Id.*

Only one case cited by the Plaintiffs involves timber. Plaintiffs rely on *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059 (9th Cir.2002). In *Cuddy Mountain*, although an area subject to challenge had already been logged, the

court construed the challenge as applicable to forest-wide Forest Service practices in the context of a particular agency action and concluded that the case was not moot. *Id.* at 1065–67, 1068–69. The court specifically noted that the challenge related to forest wide practices that violated the Forest Plan requiring the preservation of old growth timber. *Id.* at 1068–69.[1]

■ In each case cited by the Plaintiffs in which courts considered NEPA violations of a completed project, the courts drew a distinction between the impact of the construction of the project and the impact of the use of the completed project. In each case in which the court held that completion of the project did not render the challenge moot, the relief considered applied to the potential uses of the completed project area. In contrast to the *Cuddy Mountain* case, the challenge here is not to forest wide practices. Here, the thrust of the Plaintiffs' claims were designed to stop timber harvesting in the Bear Hodges Project. The withdrawal of the February 1999 Decision Notice accomplished this goal.

In the Tenth Circuit, the relief requested by the Plaintiffs cannot be granted. In *Southern Utah Wilderness Alliance v. Norton,* the Tenth Circuit held that "federal courts may order agencies to act only where the agency fails to carry out a mandatory, nondiscretionary duty. By contrast, if a duty is not mandated, or if an agency possesses discretion over whether to act in the first instance, a court may not grant relief under § 706(1)." 301 F.3d 1217, 1223–27 (10th Cir.2002). The relief requested is not a mandatory, nondiscretionary duty of the USFS, as the Plaintiffs have asserted. In *UEC* this court explained that "[t]he Forest Service's management of the national forests occurs at two levels." 190 F.Supp.2d at 1268. The first level corresponds to the development of the Forest Plan, while the second level corresponds to the Forest Service's approval of particular projects that accord with the Forest Plan. *Id.* Accordingly, monitoring MIS[2] falls within the second level of management and will be necessary if and when the USFS proposes action within the remaining Bear Hodges Project area. *Id.* at 1270 n. 1 (noting that both the Tenth and Ninth Circuits agree that "section 219.19 applies at the site specific level for proposed projects under already enacted Forest Plans even though there is only

---

1. Additionally, Plaintiffs rely on two Ninth Circuit cases to support their proposition that this court may order the Defendants to complete monitoring MIS with regard to the complete lodgepole pine harvest. In *Cantrell v. City of Long Beach,* a proposal for a closed naval base was challenged. 241 F.3d 674, 676–77 (9th Cir.2001). The Defendants asserted the challenge was moot because the historic buildings and endangered species habitat had already been destroyed. *Id.* However, the court found that "if required to take additional environmental review, the defendants could consider alternatives to the current reuse plan, and develop ways to mitigate the damage to the birds' habitats." *Id.* at 678–79. Similarly, in *Tyler v. Cuomo,* a proposal for low–income housing was challenged. 236 F.3d 1124, 1127–28 (9th Cir. 2000). Although the housing project was completed, the issue was not moot because "viable revisions to the project's color and materials, among other things, can still be made which can still substantially reduce the project's incompatibility with the plaintiffs' homes." *Id.* at 1137 (citation omitted).

2. The 1982 forest management planning regulations require monitoring of MIS. 36 C.F.R. § 219.19. In 2000, the regulations were amended and monitoring of MIS was no longer specified. 36 C.F.R. §§ 219.11–219.19 (2001). Although Plaintiffs assert that the amended regulations are not currently in effect, implementation of the new regulations was delayed for only one year, from May 9, 2001 to May 9, 2002. National Forest System Land and Resource Management Planning; Extension of Compliance Deadline, 66 Fed. Reg. 27552, 27553 (May 17, 2001.).

reference to the formulation of forest plans"). Therefore, the regulations that govern the approval of projects like the Bear Hodges Project are not within the Tenth Circuit's definition of a "mandatory, nondiscretionary duty," and as such, a court may not order the USFS to monitor MIS for the completed project.

More importantly, effective relief is not available to Plaintiffs. The logged area is to remain under the management of the Forest Service. As such, any future projects would require completion of monitoring and be subject to both administrative and judicial review. *See* 16 U.S.C. § 1612, 5 U.S.C. § 701. Unlike the cases relied upon by Plaintiffs, the area is not conducive to mitigation. Trees cannot be put back. In addition, the effects will be considered as part of an impact study if future agency action is considered within this area. NEPA requires that the agency determine the significance of the proposed action by deciding "whether the action is related to other actions with individual insignificant but cumulatively significant impacts." 40 C.F.R. § 1508.27(b)(7). Crucial to assessing cumulative impacts are the impacts of past actions. 40 C.F.R. § 1508.7. Therefore, not only will the study be redundant, a study by itself cannot mitigate the damages. Therefore, the Plaintiffs' claims regarding the timber harvested from the Bear Hodges Project are moot.

### B. *Prudential Mootness*

 Prudential mootness applies in circumstances where a controversy "though not moot in the strict Article III sense is 'so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.'" *SUWA v. Smith,* 110 F.3d 724, 727 (10th Cir.1997). Prudential mootness "has particular applicability to cases ... where the relief

sought is an injunction against the government." *Id.* The same principles apply when declaratory judgment is sought. *A.L. Mechling Barge Lines v. United States,* 368 U.S. 324, 331, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961); *see also Building and Construction Department v. Rockwell International Corp.,* 7 F.3d 1487, 1492 (10th Cir.1993) (noting that "[i]n such cases a court may decline to grant declaratory or injunctive relief"). In *A.L. Mechling,* the Court noted that "[d]eclartory judgment is a remedy committed to judicial discretion ... [and] sound discretion withholds the remedy where it appears that a challenged 'continuing practice' is, at the moment adjudication is sought, undergoing significant modification so that its ultimate form cannot be confidently predicted." 368 U.S. at 331, 82 S.Ct. 337 (citations omitted). Accordingly, "[p]rudential mootness aries out of the court's general prospective equitable remedies, especially with regard to the government of the United States where 'considerations of ... comity for coordinates of branches of government' come into play." *Building and Construction Department,* 7 F.3d at 1492. Therefore, under prudential mootness, the inquiry is, "have the circumstances changed since the beginning of the litigation that forestalls any occasion for meaningful relief." *SUWA v. Smith,* 110 F.3d at 727.

 As described above, the February 1999 Decision Notice has been withdrawn. Moreover, the decision was withdrawn in light of the *UEC* decision issued by this court. As such, the challenged practice has "undergo[ne] significant modification so that its ultimate form cannot be predicted." *See A.L. Mechling,* 368 U.S. at 331, 82 S.Ct. 337. Furthermore, any relief granted would interfere with the USFS' ability to manage the land in its care. Declaratory or injunctive relief would forestall both administrative and judicial re-

view of new proposed projects in this area. Finally, as stated above, there is no effective relief that this court can grant with respect to the area which has already been logged. Accordingly, this court concludes that even if this matter was not moot in the strict Article III sense, the doctrine of prudential mootness applies in this situation.

## CONCLUSION

Based upon the above reasoning, Defendants' Motion to Dismiss is GRANTED and this case is dismissed in its entirety.