10-3057-cv
The Parkway Hospital v. Nirav R. Shah, et al.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:

> RALPH K. WINTER,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

THE PARKWAY HOSPITAL,

> *Plaintiff-Appellant*,

v.                                                                    No. 10-3057-cv

NIRAV R. SHAH, AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH, PUBLIC HEALTH COUNCIL OF THE STATE OF NEW YORK, SUSAN REGAN, MICHAEL FASSLER, HOWARD FENSTERMAN, HERBERT FRIEDMAN, ELLEN RAUTENBERG, PETER ROBINSON, AND FRANK SERBAROLI, AS MEMBERS OF THE COMMITTEE ON ESTABLISHMENT OF HEALTH CARE FACILITIES,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:       ROBERT F. MORACO, ESQ. (Lawrence P. Wolf, Law Office of Lawrence P. Wolf, *on the brief*) New York, N.Y.

FOR DEFENDANTS-APPELLEES:     Brian Sutherland (Barbara D. Underwood, Solicitor
                              General, Michael S. Belohlavek, Senior
                              Counsel, and Richard O. Jackson, Assistant Solicitor
                              General, *of Counsel*), *for* Eric T. Schneiderman,
                              Attorney General of the State of New York, New
                              York, N.Y.

Appeal from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting defendants-appellees' motion to dismiss. **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The Parkway Hospital ("Parkway") appeals the district court's dismissal of its complaint against the Commissioner of the New York State Department of Health, the Public Health Council of the State of New York and various members of the Committee on the Establishment of Health Care Facilities. Parkway was a private, for-profit hospital in Forest Hills, New York. In 2005, Parkway voluntarily filed for Chapter 11 bankruptcy, and in January 2007 learned that, pursuant to Chapter 63, Part E, Section 31 of New York State Laws of 2005 c/k/a the "Enabling Legislation," the state intended to revoke Parkway's operating certificate and slated it for closure by June 30, 2008.

After learning that it was to be closed, Parkway brought several actions in state court and in the bankruptcy court challenging its closure which delayed the closure until November 2008. Parkway discontinued its state court action and in August 2009 brought this federal action.[1] Parkway's federal action alleges that defendants violated its rights to procedural and substantive due process and effected an uncompensated taking. The procedural due process claim asserts that Parkway was not provided notice or opportunity to be heard prior to the revocation of its operating

---

[1] Parkway continues to pursue claims against the DOH in the Bankruptcy Court and is seeking damages of $129,465,623 for alleged due process violations. [09-cv-7507, dkt. 24 at 3]

2

certificate. Specifically, Parkway claims that the defendants "wholly rejected" and disregarded evidence that Parkway had secured financing and would emerge from bankruptcy, and that the closure determination was conducted in secret without Parkway having notice and an opportunity to be heard. The same facts form the bases of the substantive due process and takings claims. Parkway has sought a declaration that its operating certificate was rescinded in violation of its constitutional rights and a court order directing the defendants to restore the certificate so as to permit Parkway to resume operations. Parkway initially moved for a preliminary injunction, which the district court denied, and on defendants' motion the district court dismissed the complaint for lack of standing.

Events subsequent to the district court's ruling on the motion to dismiss have altered the viability of Parkway's claims. In August 2010, because Parkway defaulted on its plan of reorganization, Parkway's chapter 11 bankruptcy was converted by the bankruptcy court into a liquidation proceeding under chapter 7 of the federal Bankruptcy Code. *See In re: The Parkway Hospital, Inc.*, No. 05-14876, Dkt No. 906-907, 927 (Bankr. S.D.N.Y.). In its bankruptcy filings, Parkway admits that it lacks funds to cover administrative expenses and that it has over $90 million of unpaid debts. *Id.*, Dkt No. 880, 884, 891.5.

Ongoing chapter 7 proceedings do not axiomatically render Parkway's claims moot. *Supreme Beef Processors, Inc. v. U.S.D.A.,* 275 F.3d 432, 436-37 (5th Cir. 2001). Parkway, however, is in liquidation proceedings and does not allege that it will likely emerge from chapter 7 solvent and capable of operation. Even if Parkway had standing and ultimately prevailed on the merits of its due process and takings claims and even if its operating certificate were reinstated, there is no indication that Parkway has the wherewithal to emerge from bankruptcy and operate a

3

hospital. Parkway, therefore, can no longer obtain any legally cognizable benefit from the declaratory and injunctive relief it seeks. *See City News & Novelty, Inc. v. City of Waukesha,* 531 U.S. 278 (2001) (holding that claim challenging the denial of its application for an adult business license was moot because the plaintiff store had ceased operation and no longer sought to renew the licenses.); *Bd. of License Comm'rs of Tiverton v. Pastore*, 469 U.S. 238, 239-40 (1985) (dismissing writ of certiorari as moot after liquor licensee challenging license revocation went out of business); *see also Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135 (2d Cir. 1994) (plaintiffs' claims were moot because plaintiffs could no longer benefit from the declaratory and injunctive relief sought in the complaint); and *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (mootness doctrine continues for the life of lawsuit, including the pendency of appeal).

Accordingly, the dismissal of Parkway's complaint is AFFIRMED on the alternative ground that this case no longer qualifies for judicial review because Parkway's claims have been mooted by the conversion of Parkway's bankruptcy into a liquidation proceeding under chapter 7 of the Bankruptcy Code. *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) (we may affirm based on "any ground appearing in the record.").

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4