[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10686
_____

D.C. Docket No. 0:12-cv-61928-WPD

LEXRA, INC.,
d.b.a El Reventon,
PORTHOLE PUB, INC.,
d.b.a Porthole,
 JSPC, INC.,
d.b.a Dr. Philgoods,
TROPICANTE PRODUCTS, INC.,
 d.b.a Tropicante,

Plaintiffs - Appellants,

versus

CITY OF DEERFIELD BEACH, FLORIDA,
a Florida Municipal Corporation,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 1, 2016)

Before JORDAN, ROSENBAUM, and SILER,[*] Circuit Judges.

PER CURIAM:

Following a review of the record, and with the benefit of oral argument, we affirm the district court's dismissal of the action on mootness grounds. Simply stated, the factual basis for the plaintiffs' equal protection claim—that All Stars Sports Bar was permitted to stay open until 4:00 a.m.—disappeared when All Stars closed. Given that All Stars has closed, and is therefore no longer operating past 2:00 a.m., the case is moot because we can "no longer give [the plaintiffs] meaningful relief." *Jews for Jesus v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 628 (11th Cir. 1998). *Cf. City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283–86 (2001) (dismissing case on mootness grounds when the business suing the city ceased operations, and as a result the relief it sought could no longer be granted).

Although the City's voluntary decision to evenly apply the ordinance at issue does not necessarily moot the case, dismissal is appropriate "in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated." *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014) (quoting *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1285 (11th Cir. 2004)). Here, no such reasonable basis exists. The City attempted to enforce the ordinance

---

[*] The Honorable Eugene Siler Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

against All Stars in 2004, but it was prevented from doing so by a state court order. All Stars is no longer in business and the City has affirmatively represented that it will now enforce the pre-4:00 a.m. closing times to all its bars and restaurants. Taken together, these circumstances show that the city has a longstanding *desire* to enforce the ordinance equally, and, since the closing of All Stars, it has the *ability* to do so.

The plaintiffs argue that the state court order would allow any bar that opens in the same location to stay open until 4:00 a.m., but this position lacks merit. Only All Stars' owner was a party to the case. And, while the state court found that representations by the City's former manager to the property owner created an implied-in-fact contract allowing All Stars' owner to serve alcohol until 4:00 a.m., any such representation applied by its terms only to existing businesses. Moreover, on the record before the district court, All Stars cannot reasonably be expected to reopen with a 4:00 a.m. last call. All Stars' liquor license had not expired at the time the district court rendered its decision, but it was in the process of being transferred. The plaintiffs have presented no convincing argument that the transferee would be able to serve alcohol outside the hours the ordinance permits.

We deny the parties' motions to supplement the record on appeal because the district court's order allows the plaintiffs to file suit again if the City allows any

3

businesses to remain open and serve alcohol after 2:00 a.m. We also deny the City's motion to strike.

**AFFIRMED**.