20-2683
*DiMartile v. Cuomo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

JENNA M. DIMARTILE, JUSTIN G. CRAWFORD, PAMELA GIGLIA, JOE DUROLEK, DAVID SHAMENDA,

> *Plaintiffs-Appellees*,

v.                                                                              20-2683

ANDREW M. CUOMO, LETITIA JAMES, EMPIRE STATE DEVELOPMENT CORPORATION,

> *Defendants-Appellants*,

ERIE COUNTY DEPARTMENT OF HEALTH, MARK C. POLONCARZ,

> *Defendants*.

_____


For Plaintiffs-Appellees:            R. ANTHONY RUPP III (Phillip A. Oswald, *on the brief*), Rupp Baase Pfalzgraf Cunningham LLC, Buffalo, N.Y.

1

For Defendants-Appellants:    FREDERICK A BRODIE, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General, and Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia James, Attorney General, New York State Office of the Attorney General, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot, the preliminary injunction is **VACATED**, and the case is **REMANDED** to the district court with instructions to dismiss the claims of Plaintiffs-Appellees DiMartile, Crawford, Giglia and Durolek as moot.

Joe Durolek and Pamela Giglia, an engaged couple, Jenna DiMartile and Justin Crawford, a now-married couple, and David Shamenda, a minister, brought a constitutional challenge against New York regulations, issued in response to the COVID-19 outbreak in the state, that limited the number of attendees permitted at so-called "non-essential gatherings" — including weddings — to fifty. The district court granted Plaintiffs' motion for a preliminary injunction against the gathering restriction. New York appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Durolek and Giglia state that they no longer intend to hold a wedding while New York's COVID-19 gathering limitations are in effect, and that the appeal is therefore moot.[1]

---

[1] Plaintiffs DiMartile and Crawford married while the preliminary injunction in this case was still in effect before the state was granted a stay pending appeal. The parties do not dispute that the completion of their wedding has therefore mooted their claims. Defendants-Appellants assert that the claims of Plaintiff Shamenda, an ordained Wesleyan minister and wedding officiant, are not at issue in this appeal, and Defendants-Appellees do not challenge that assertion. Below, Defendants questioned Shamenda's standing, and it is unclear from the complaint whether he was expected to have any involvement in the planned weddings of the two plaintiff couples. Moreover, his claims were based on the Free Exercise Clause of the First Amendment, which was not the basis of the preliminary injunction challenged on this appeal. Plaintiffs-Appellees do not argue that Shamenda's claims have any bearing on the mootness question before this Court, or on any other issue raised by either side in this appeal.

We agree. "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III [of the Constitution] — 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). To be sure, "the general rule [is] that voluntary cessation of a challenged practice rarely moots a federal case." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001). For instance, defendants claiming to have mooted cases by ceasing challenged conduct bear "[t]he heavy burden" of making "it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)).

However, the Supreme Court has concluded that Plaintiffs-Appellees, even if they cannot satisfy a court that the conduct animating their lawsuit is not reasonably likely to recur, may successfully moot a case if they have changed course and if there is no judgment below, adverse to their opponent, that would remain in effect were the case mooted. *See City News*, 531 U.S. at 283–84, 284 n.1; *see also City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000). Here, a determination of mootness would not saddle New York with the consequences of an unfavorable district-court decision because federal appeals courts' "established practice" upon finding a case moot "is to reverse or vacate the judgment below and remand with a direction to dismiss," *United States v. Munsingwear*, 340 U.S. 36, 39 & n.2 (1950), so as to "prevent the appellee from insulating a favorable decision from appellate review," *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 122 (2d Cir. 2001); *see also Pap's*, 529 U.S. at 288–89. Because Durolek and Giglia no longer intend to hold a wedding while New York's COVID-19 gathering

3

restrictions are in effect (and the wedding of DiMartile and Crawford has already taken place), and because a mootness finding will not burden the state with an unreviewable adverse judgment, this appeal and the underlying claims of DiMartile, Crawford, Durolek and Giglia are moot. If Durolek and Giglia's intentions change, they may initiate a new action.[2]

We **DISMISS** the appeal as moot, **VACATE** the preliminary injunction, and **REMAND** to the district court with instructions to dismiss the claims of DiMartile, Crawford, Durolek and Giglia as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] As no party to the appeal addresses Shamenda's claims, those claims remain pending before the district court. We leave it to the district court in the first instance to address those claims, including any issue as to whether they present a case or controversy within the meaning of Article III of the United States Constitution.

4