[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11754

Non-Argument Calendar

————————————————

BFMM COMPANY, LLC,
a Florida limited liability company,
BRUNO MICELI,
an Individual,

                                        Plaintiffs-Appellants,

*versus*

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60617-AHS

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

The U.S. Department of Agriculture's Food and Nutrition Service, which administers the Supplemental Nutrition Assistance Program (SNAP), permanently disqualified BFMM Company, LLC, and its sole owner, Bruno Miceli, from participation in the program in 2015 after it found that they had illegally trafficked benefits. BFMM and Miceli sued to contest the disqualification, but the district court granted summary judgment to the government.

We requested supplemental briefing on the question whether this matter became moot following BFMM's dissolution in 2019. After careful review, we conclude that the appeal is moot as to both BFMM and Miceli, and that Miceli lacks standing to contest any imagined future enforcement. Accordingly, we **DISMISS** the case for lack of subject-matter jurisdiction.

**I**

"The mootness requirement—as derived from the Constitution's case-or-controversy limitation—'goes to the heart of our constitutional doctrine of the separation of powers and the proper role of the judiciary.'" *Djadju v. Vega*, 32 F.4th 1102, 1108 (11th Cir. 2022) (quoting *Troiano v. Supervisor of Elections in Palm Beach Cnty.,*

*Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004)).  "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review.'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  A case is moot when "no justiciable controversy is presented," *Flast v. Cohen*, 392 U.S. 83, 95 (1968), or when a court cannot afford "effectual relief," *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016).

All seem to agree that this case is moot as to BFMM, which was voluntarily dissolved in 2019.  *Detail by FEI/EIN Number*, Fla. Dep't of State Div. of Corps., https://perma.cc/4GKL-6S97. BFMM has conceded that "the Court cannot reinstate the SNAP license to a store that doesn't exist," so no effectual relief is available.  Supp. Br. of Appellants at 6.

The case is also moot vis-à-vis Miceli, although explaining why requires a bit more doing.  Miceli first contends that the case might be moot with respect to him, but only because, he says, the statutes and regulations governing SNAP benefits "clearly limit disqualifications" to firms and stores, not individual owners.  *Id.*  So, he contends, the "Agency's determination should specifically not extend" to him.  *Id.* at 9.  He is incorrect.  Under the plain language of the governing statute, "[t]he disqualification period . . . shall continue in effect as to the person or persons who sell or otherwise transfer ownership of the retail food store or wholesale food concern . . . ."  7 U.S.C. § 2021(e)(1).  Miceli has admitted that he sold BFMM some "four years ago."  Doc. 27-3 at 4.  So BFMM's

permanent disqualification "continue[s] in effect as to [Miceli,] who s[old]" the store.  There is thus no reason to consider the matter moot simply because Miceli is no longer involved.

Second, and in the alternative, Miceli asserts that if he is permanently disqualified, then the case is not moot because he would like to be able to open another store that accepts SNAP benefits in the future.  But the caselaw is clear that absent any "definite plans to reopen [his business] as a regulated entity," Miceli's mere desire to do so is insufficient to save his case from mootness.  *Munsell v. Dep't of Agric.*, 509 F.3d 572, 583 (D.C. Cir. 2007) ("No order from this court is assured more than a speculative chance of giving any relief to these appellants, because Munsell has no definite plans to reopen [his business] as a regulated entity."); *cf. City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 (2001) (observing that the "speculation" that a "business 'could again decide to operate' . . . standing alone . . . did not shield the case from a mootness determination" (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000))); *Board of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) ("'Such speculative contingencies afford no basis for our passing on the substantive issues the petitioner would have us decide' in the absence of 'evidence that this is a prospect of immediacy and reality.'" (alterations accepted) (quoting *Hall v. Beals*, 396 U.S. 45, 49 (1969) and *Golden v. Zwickler*, 394 U.S. 103, 109 (1969), respectively)).  *Compare, e.g., White River Amusement Pub., Inc. v. Town of Hartford*, 481 F.3d 163, 168 (2d Cir. 2007) (holding that a case was not moot when a business's premises had been "destroyed by a fire" but the "Corporation ha[d] a renewable lease on the premises,

which it d[id] not intend to terminate"); *Southern Or. Barter Fair v. Jackson Cnty., Or.*, 372 F.3d 1128, 1134 (9th Cir. 2004) (holding that a case was not moot because a business had "attempt[ed] to raise funds" and sought a site for gathering after it had lost its corporate status years earlier).

Finally, Miceli states that he continues to suffer two ongoing injuries that sustain a live controversy:  (1) the threat of future financial sanctions based on BFMM's past SNAP violations and (2) so-called "name and shame" sanctions, whereby the agency could publish his name as a store owner who has been disqualified from receiving SNAP benefits.  Miceli is correct that the agency has the authority to do either of those things.  *See, e.g.*, 7 U.S.C. § 2021(e); 7 C.F.R. § 278.6(f)(3) ("At any time after a civil money penalty imposed . . . has become final . . . the [FNS] may request the Attorney General institute a civil action to collect the penalty from the person or persons subject to the penalty . . . ."); Doc. 24-1 at 122 (explaining the agency's statement that it "may disclose information to the public when a retailer has been disqualified or otherwise sanctioned for violations after the time for any appeals has expired"). But Miceli has proffered no evidence that there is any "actual or imminent" risk—one that is more than "conjectural or hypothetical"—that either is likely to occur.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted).  He has shown no "history of past enforcement," and the agency's mere acknowledgement of its authority to take one or both of those

actions does not suffice to create a live case or controversy. *Cf. Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014).[1]

## II

For these reasons, this appeal is **DISMISSED** for lack of subject-matter jurisdiction.

---

[1] Miceli also asserts that even if the case is moot, it qualifies under the "capable of repetition, yet evading review" exception. We disagree. In support of his argument, Miceli states that in practice, the agency simply refuses to process applications from store owners who have been permanently disqualified. That practice, he says, will deprive him of the ability to obtain administrative and judicial review of any future application denial. But as evidence of the agency's practice, Miceli offers only a single anonymized letter that his lawyer received in another case. The Supreme Court has been clear that the capable-of-repetition-yet-evading-review exception entails two requirements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). As this appeal makes clear, Miceli's *permanent* disqualification is not too short to be fully litigated. And we do not think that a single anonymized letter provides a sufficient basis to conclude that Miceli will be precluded from judicial review during any future attempt to open a store.