# United States Court of Appeals for the Federal Circuit

---

**ESIMPLICITY, INC.,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

---

2023-1216

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00543-SSS, Judge Stephen S. Schwartz.

---

Decided: December 16, 2024

---

ERIC VALLE, PilieroMazza PLLC, Washington, DC, argued for plaintiff-appellee. Also represented by ISAIAS (CY) ALBA, IV, PATRICK TRENT ROTHWELL; KATHERINE BAUER BURROWS, Annapolis, MD.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellant. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before DYK, CHEN, and CUNNINGHAM, *Circuit Judges*.

CHEN, *Circuit Judge*.

The government appeals the United States Court of Federal Claims (Claims Court) decision concluding that the United States Department of the Navy (Navy) erred by deeming untimely—and therefore not considering—a proposal that eSimplicity, Inc. (eSimplicity) submitted in response to a solicitation. *See eSimplicity, Inc. v. United States*, 162 Fed. Cl. 372 (2022) (*Decision*). For the following reasons, we *dismiss* this appeal.

I.

The Navy issued Solicitation No. N0018922RZ011 (Solicitation I) requesting technical support for the Navy's electromagnetic spectrum resources. Solicitation I required offerors to submit their proposals as email attachments by 5:00 PM EST on April 25, 2022.

Solicitation I incorporated by reference Federal Acquisition Regulation (FAR) 52.212-1, which provides in relevant part that a late-submitted offer "will not be considered unless it is received before award is made, the Contracting Officer determines that accepting the late offer would not unduly delay the acquisition[,] and" the offer meets one of three exceptions. FAR 52.212-1(f)(2)(i). One of those exceptions is the so-called "government control exception," under which an untimely offer can be considered if "[t]here is acceptable evidence to establish that it was received at the Government installation designated for receipt of offers and was under the Government's control prior to the time set for receipt of offers." FAR 52.212-1(f)(2)(i)(B); *see Decision*, 162 Fed. Cl. at 377.

The Navy's Contracting Officer received six timely proposals and an additional timely email from one of the offeror's subcontractors. eSimplicity's proposal was not one of those submissions. Although eSimplicity emailed its proposal approximately an hour and a half before the

deadline, the Contracting Officer never received eSimplicity's proposal. A subsequent investigation revealed that eSimplicity's proposal had been received by a Defense Information Systems Agency server and queued for delivery, but the proposal was "bounced back by the destination server because it exceeded the maximum file size." *Decision*, 162 Fed. Cl. at 377 (quoting J.A. 201). The Navy then sent to eSimplicity a letter explaining that the Navy would not consider eSimplicity's untimely proposal.

eSimplicity filed a pre-award bid protest with the Claims Court, which ruled in favor of eSimplicity. The Claims Court concluded that file size was an unstated evaluation criterion and that the government control exception can apply to electronically submitted proposals, but it did "not resolve whether [the] elements [of the government control exception] [we]re met." *Decision*, 162 Fed. Cl. at 386. The Claims Court remanded the case for 60 days for the Navy to "reconsider its decision that eSimplicity's proposal was untimely." *Id.* at 387. It also noted that the "Navy may, in the alternative, cancel the Solicitation, revise the Solicitation to include a file size limit and new proposal deadlines, or take other action consistent with" the Claims Court's opinion. *Id.* at 388.

On November 22, 2022, the Navy issued an amended solicitation (Solicitation II), reopening the competition and seeking receipt of initial proposals by 5:00 PM EST on December 6, 2022. eSimplicity submitted a proposal in response to Solicitation II, and the Navy awarded the contract to eSimplicity on June 29, 2023.

## II.

The government appeals the Claims Court's rulings that file size was an unstated evaluation criterion in Solicitation I and that the government control exception can apply to eSimplicity's proposal submitted for Solicitation I. But first we must determine whether we may reach the merits of this appeal because eSimplicity

contends that this appeal is moot. The government disagrees that the appeal is moot and argues in the alternative that the appeal meets the "capable of repetition yet evading review" exception to mootness.

"[I]t is axiomatic that a federal court may not address 'the merits of a legal question not posed in an Article III case or controversy,' and that 'a case must exist at all the stages of appellate review.'" *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1219 (Fed. Cir. 2001) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 21 (1994)). This case or controversy requirement "underpins both our standing and our mootness jurisprudence." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

Mootness "addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *West Virginia v. EPA*, 597 U.S. 697, 719 (2022) (cleaned up). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A case should generally be dismissed as moot "[w]hen, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue." *Chapman L. Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007); *see also Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016) (noting a case is generally moot when "no live controversy in the ordinary sense remains because no court is now capable of granting the relief petitioner seeks").

This case is moot because there is no longer a live issue. The issues presented on appeal are whether the Claims Court erred in concluding that Solicitation I contained an unstated file-size criterion or erred in concluding that the government control exception can apply to eSimplicity's

proposal submitted for Solicitation I. But the government does not dispute that Solicitation I no longer exists, that Solicitation I's accompanying offers are now expired, or that the Navy has awarded a contract to eSimplicity for Solicitation II, which requested the same services as Solicitation I. Thus, "the questions originally in controversy between the parties are no longer at issue" because those questions concern the now-expired Solicitation I. *Chapman L. Firm*, 490 F.3d at 939.

Indeed, the Navy's conduct caused those issues to no longer be live. It is well settled that "a party's voluntary action can render moot a case or controversy." *Kaw Nation v. Norton*, 405 F.3d 1317, 1322 (Fed. Cir. 2005); *see also City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001) (dismissing an appeal as moot when "it is [the petitioner], not its adversary, whose conduct saps the controversy of vitality"); *Aqua Marine*, 247 F.3d at 1220 ("As a general matter, a case becomes moot if, through the action of the party seeking review, the immediate controversy is terminated."). Here, following the Claims Court's decision, the Navy was given the choice either to reconsider the timeliness of eSimplicity's proposal for Solicitation I or to issue a revised solicitation. If the Navy chose the first option, then it could have continued to litigate the timing of eSimplicity's proposal, including by appealing the Claims Court's decision to this court. But that is not what happened. Instead, the Navy chose to issue and award a contract for Solicitation II, and it allowed Solicitation I to expire.

Nonetheless, the government contends this case is not moot because we can still provide effective judicial relief to the Navy. Appellant's Br. 16. The relief the government seeks is "a reversal" so that the Navy may "exercise its right to terminate eSimplicity's contract upon the basis that it should not have been awarded in the first place." Appellant's Reply Br. 3. But the government is appealing a decision concerning Solicitation I, and eSimplicity was

awarded a contract for Solicitation II. Thus, even if we were to find that the Claims Court erred in its decision regarding Solicitation I, our decision would not affect the separate award of eSimplicity's contract for Solicitation II.

That we cannot provide effective judicial relief to the Navy is bolstered by the fact that the government wavers on the effect a ruling by this court would have. The government has phrased its requested relief as the "ability to execute the available contract mechanisms," Appellant's Br. 17, and the "option to ameliorate" awarding eSimplicity a contract for Solicitation II, Appellant's Reply Br. 4. At oral argument, we pressed the government on whether the Navy would cancel eSimplicity's contract for Solicitation II if the government prevailed in this appeal. *See* Oral Arg. at 1:52–4:07 (available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1216_09052024.mp3). The government refused to state that the Navy would cancel the contract—instead saying that "it very well may" terminate the contract but "there are no guarantees." *Id.* at 3:24–4:07. This hedging by the government further confirms our doubts that any decision by our court would provide effective judicial relief to the parties; rather, it makes it more likely that our decision would be an advisory opinion answering the two questions the government poses on appeal without resolving a case or controversy.

In the alternative, the government contends that we should hear this appeal under the exception to the mootness doctrine for a controversy that is capable of repetition, yet evading review. "That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware*, 579 U.S. at 170 (cleaned up). We decline to invoke this exception because the issues raised by the government are not evading review.

As discussed, it was the Navy's own choice to issue and award a contract for Solicitation II that prevented review of the Claims Court's decision concerning Solicitation I. The government counters that doing so was the "only practical option." Appellant's Reply Br. 3. But this argument concedes that reconsidering the timeliness of eSimplicity's proposal for Solicitation I was an option, just not the Navy's preferred option.

The government also could have appealed at least the government-control-exception issue in other cases yet did not do so. In *Watterson Construction Co. v. United States*, 98 Fed. Cl. 84, 95–97 (2011), and *Insight Systems Corp. v. United States*, 110 Fed. Cl. 564, 581 (2013), the Claims Court ruled that the government control exception can apply to proposals submitted by e-mail. Though the government argued the opposite position in those cases, *Watterson*, 98 Fed. Cl. at 95; *Insight Sys.*, 110 Fed. Cl. at 575, it did not appeal those decisions. That the government could have appealed the government-control-exception issue in those cases yet chose not to do so suggests that the government merely wants to appeal this issue now—not that the issue has evaded review.

We also find unpersuasive the government's argument for why these issues meet the evading review prong. The government contends that the "evading review element is met in this case because . . . the time constraints imposed by the trial court's 60-day remand and the agency's need to procure those engineering support services affected the Government's opportunity to obtain 'complete' appellate resolution of the challenged agency action." Appellant's Reply Br. 7. This argument suffers from two main flaws.

First, it is unsupported. The government has provided no evidence that the time constraints affected the government's decision—let alone that choosing to reconsider its decision would have taken longer than choosing to amend the solicitation. We also note that if the

time constraints were as critical as the government claims, then the government could have sought an expedited appeal, which it did not seek here.

Second, this argument applies an incorrect standard. Just about anything can "affect" a party's opportunity to appeal. But the proper standard requires that "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration." *Kingdomware*, 579 U.S. at 170 (cleaned up). Under that standard, even if the government is correct that its opportunity to appeal was affected, it does not follow that the appeal evaded review.

### III.

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss this appeal.[1]

### DISMISSED

COSTS

No costs.

---

[1] The parties do not address whether the underlying decision should be vacated. *See, e.g.*, *Kaw Nation*, 405 F.3d at 1323–26 (describing when it is appropriate to vacate a decision that has become moot on appeal). Accordingly, we also do not address that issue.