**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1496**

_____

ANGELICA ROCHA HERRERA,

Plaintiff – Appellant,

v.

JOHN L. FINAN, Chair of the South Carolina Commission on Higher Education, in his individual and official capacity; BETTIE ROSE HORNE, in her individual and official capacity; HOOD TEMPLE, in his individual and official capacity; TERRYE C. SECKINGER, in her individual and official capacity; NATASHA M. HANNA, in her individual and official capacity; ELIZABETH JACKSON, in her individual and official capacity; LEAH B. MOODY, in her individual and official capacity; CHARLES MUNNS, in his individual and official capacity; KIM F. PHILLIPS, in his individual and official capacity; JENNIFER B. SETTLEMYER, in her individual and official capacity; DIANNE C. KUHL, in her individual and official capacity,

Defendants – Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Bruce H. Hendricks, District Judge. (7:14-cv-02255-BHH)

_____

Argued:  September 13, 2017                    Decided:  October 4, 2017

_____

Before AGEE, KEENAN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Burth Gilbert Lopez, MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND, Washington, D.C., for Appellant. Andrew Lindemann, DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina, for Appellees. **ON BRIEF:** Thomas A. Saenz, MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND, Los Angeles, California, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After two South Carolina public universities classified Angelica Rocha Herrera as an out-of-state resident for purposes of establishing her college tuition rate, she brought this action in the United States District Court for the District of South Carolina against the Commissioners of the South Carolina Commission on Higher Education (the "Commissioners"). She alleges that the Commissioners' administration and enforcement of the state's rules for establishing in-state residency violated her equal protection and substantive due process rights under the Fourteenth Amendment of the United States Constitution. Specifically, Rocha asserts that the rebuttable presumption under South Carolina law that the residency of dependent students mirrors their parents' residency is unconstitutional. The district court granted the Commissioners' motion for summary judgment, which we affirm for the reasons that follow.

I.

A.

Tuition at public colleges and universities in South Carolina is contingent on a student's residency. Out-of-state students typically pay a significantly higher rate than do in-state residents. In the determination of residency, students bear the burden of establishing eligibility for in-state tuition rates. S.C. Code Ann. § 59-112-80; *see also* S.C. Code Ann. Regs. § 62-600(B); S.C. Code Ann. Regs. § 62-605(B). The same residency rules determine whether a student is eligible for certain scholarships—such as the state's Legislative Incentive for Future Excellence ("LIFE") scholarship—awarded

3

exclusively to in-state residents. *See* S.C. Code Ann. § 59-149-20(A)–(B) ("To be eligible for a LIFE scholarship, a student must be considered a resident of this State as provided in this chapter," including that the student "is classified as a resident of South Carolina for in-state tuition purposes . . . at the time of enrollment[.]").

A factor governing the residency determination is whether a student is classified as "independent" or "dependent." S.C. Code Ann. § 59-112-20. In relevant part, a "dependent" is an individual "whose financial support is provided not through his own earnings or entitlements, but whose predominant source of income or support is payments from a parent . . . and who qualifies as a dependent or an exemption on the federal tax return of the parents[.]" S.C. Code Ann. § 59-112-10(G). A dependent student's residence is "presumed to be that of [his or her] parent." S.C. Code Ann. § 59-112-20(D); *see also* S.C. Code Ann. Regs. § 62-603(B) ("[T]he residence . . . of a dependent person shall be presumed to be that of their parent.").[1]

Under South Carolina law, the South Carolina Commission on Higher Education is responsible for promulgating regulations related to the determination of resident status for college tuition purposes. S.C. Code Ann. § 59-112-100; *see also* S.C. Code Ann. § 59-103-17 (charging the Commission to "develop policies, procedures, or regulations necessary for the implementation of" state laws regarding higher education). However, each individual public institution bears the responsibility of applying the regulations to

---

[1] The statutory presumption of residency applies to "dependent minors" while the regulation applies to all "dependents." The distinction does not matter for purposes of this appeal.

make the residency determination for each of its students and establishing an appeals process for those students who contest their status. *See, e.g.*, S.C. Code Ann. § 59-112-80 (requiring "[e]ach State Institution [to] designate an official to administer" student residency determinations); S.C. Code Ann. Regs. § 62-600(B) (governing the burden of proof in challenges to an institution's residency determination); S.C. Code Ann. Regs. § 62-612 (governing appeals).

B.

Rocha was born in the United States and, thus, is a United States citizen. Her parents are neither citizens nor lawful residents of the United States. Rocha and her family have lived in South Carolina for many years.

During her final year of high school, Rocha was accepted for admission to the University of South Carolina-Upstate ("USC-Upstate"). She also received a teaching fellowship ("CERRA fellowship") offered at select universities, including USC-Upstate. Among other benefits, the CERRA fellowship affords recipients financial aid for up to four years of attendance at a participating institution. In addition, Rocha anticipated receiving a LIFE scholarship, which provides qualifying South Carolina residents with tuition assistance for up to four years of undergraduate enrollment.

At the time Rocha was applying to college, she was dependent on her parents for financial support. After considering the information Rocha provided concerning her parents' residency, USC-Upstate administrators classified her as an out-of-state resident for tuition purposes. This classification also meant that she was ineligible for the LIFE

scholarship. Consequently, Rocha determined that she could not afford to attend USC-Upstate and withdrew from both the school and the CERRA fellowship.

Rocha then decided to apply to Converse College ("Converse"), a less expensive school that did not offer the CERRA fellowship. After performing its own review of Rocha's residency status, Converse also classified her as an out-of-state resident. Nonetheless, Rocha remained enrolled and began attending classes at Converse in the fall of 2013.

In June 2014, Rocha filed a complaint in the United States District Court for the District of South Carolina asserting a claim under 42 U.S.C. § 1983 and alleging that South Carolina's residency rules violated the Fourteenth Amendment's guarantees of equal protection and substantive due process as applied to her.[2] She sought declaratory and injunctive relief to prohibit the Commissioners from classifying dependent students who are United States citizens as nonresidents based on their parents' immigration status. She also sought restitution and damages arising from her classification as a nonresident.

Rocha moved for partial summary judgment as to liability, as well as declaratory and injunctive relief. The Commissioners moved for summary judgment as to the entire case, relying on several different theories, including that Rocha failed to sue the proper parties and that the Commissioners were entitled to legislative and qualified immunity.

---

[2] Rocha also asserted facial equal protection and substantive due process claims, as well as a claim based on a violation of the Privileges and Immunities Clause. But she has abandoned those claims on appeal by failing to raise any arguments regarding them. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 622 n.3 (4th Cir. 2015) (stating that a claim pursued in the district court but not raised in the Appellant's opening brief has been abandoned).

During the pendency of these motions, the Commission issued advisory guidance for determining residency for dependent United States citizen students whose parents are not United States citizens or lawful residents. The guidance reiterated that the State's presumption of mirrored residency was rebuttable, and it set out various criteria it recommended schools consider in deciding whether such a student could establish residency notwithstanding his or her parents' immigration status. As a result of that guidance, Converse reclassified Rocha as an in-state resident for her final year of attendance. In addition, Converse retroactively awarded Rocha in-state residency status for her first three years' of enrollment. Consistent with that reclassification, Rocha received a check "in retroactive payment for the LIFE Scholarship awards." Plaintiff's Notice of Change of Fact in Support of Their Motion for Summary Judgment at 1, *Herrera v. Finan*, No. 7:14-CV-2255-BHH (D.S.C. Nov. 24, 2015), ECF No. 54.

In a thorough opinion, the district court denied Rocha's motion for partial summary judgment and granted the Commissioners' motion for summary judgment as to all claims. *Herrera v. Finan*, 176 F. Supp. 3d 549 (D.S.C. 2016). The court held that Rocha's as-applied challenges failed because § 1983 claims must be based on the defendants' own conduct violating a plaintiff's constitutional rights, but no such conduct had been pled in this case. *Id.* at 569. Rocha's complaint did not allege that any individual Commissioner had a role in her residency determination at either USC-Upstate or Converse. *Id.* at 569–70. As a consequence, there was no proper party defendant before the court. In addition, the court observed the Commissioners would likely be

7

entitled to legislative immunity and it held, in all events, that the claims also failed on their merits. *Id.* at 570.

Rocha noted a timely appeal and the Court has jurisdiction pursuant to 28 U.S.C. § 1291.

In May 2017—after briefing in this appeal had finished—Rocha graduated from Converse.

## II.

### A.

The Commissioners contend that Rocha's claims for injunctive and declaratory relief are moot because she graduated in May 2017 and thus is no longer affected by the allegedly unconstitutional residency rules. Rocha counters that her claims survive based on an exception to mootness for those rare claims that are capable of repetition and yet without a decision on the merits would, by their nature, evade judicial review. Specifically, she notes that if she attended a South Carolina public university in the future to obtain a graduate degree, the same residency rules would apply to her.

The doctrine of mootness arises out of the judiciary's limited constitutional authority to adjudicate "cases" and "controversies." *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). "[C]ourts have no business deciding [a legal dispute] or expounding on the law" in the absence of a case or controversy. *Id.*

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496

(1969). Moreover, a case can become moot at any stage of the proceeding, including on appeal. *See, e.g.*, *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.").

In cases challenging school policies, we have previously recognized that students' "claims for declaratory and injunctive relief generally become moot when they graduate." *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003). This is so because once a student has graduated, "a case or controversy no longer exists between the [plaintiff] and the [defendants] with respect to the validity of the rules at issue." *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975) (per curiam).

As noted, Rocha contends that her claims for injunctive and declaratory relief are not moot, invoking the principle that claims which are capable of repetition, but evade judicial review, are exempt from the usual rules of mootness. This exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *See FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). Rocha is far from the first graduate to urge courts to invoke this principle to save her challenges to school policies. *See, e.g.*, *Mellen*, 327 F.3d at 364 (collecting cases). But as with those earlier graduates, the doctrine is inapplicable because, absent special circumstances, there is not a "reasonable expectation" that graduated students will be subject to school policies affecting them in the future. *Id.*; *see also Williams v. Spencer*, 622 F.2d 1200, 1204 (4th Cir. 1980) (treating as moot students'

9

claims for injunctive relief based on constitutional violations arising from school policies because, following the students' graduation, "the case present[ed] no question that [wa]s capable of repetition, yet evad[ed] review").

In an attempt to circumvent mootness, Rocha now claims that she may pursue a graduate degree. However, it was not until this appeal that she asserted such a possible interest or expressed concern that she would again be subject to the residency rules at some unknown future date unrelated to her undergraduate education. Such last-minute speculation of future enforcement in a separate educational program cannot "shield [her] case from . . . mootness[.]" *See City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001); *accord Bunting v. Mellen*, 541 U.S. 1019, 1021 (2004) (Stevens, J., statement respecting the denial of certiorari) (same). Rocha's argument is speculative for at least two more reasons: (1) the residency rules she complains of will only apply if an institution continues to classify Rocha, now a college graduate who intends to "pursue[] a career in teaching math in secondary school," Opening Br. 8, as an individual who is "dependent" on her parents for financial support; and (2) even if Rocha were classified as a dependent of her parents, the 2015 guidance that resulted in Rocha being reclassified as an in-state resident would just as likely cause her chosen institution to classify her as an in-state resident. Based on both the number and nature of these unknown factors, no "reasonable expectation" exists on this record that Rocha "will be subjected to the same action again." *Mellen*, 327 F.3d at 364. Accordingly, her claim does not fall under a mootness exception.

Based on the foregoing, we hold Rocha's claims for injunctive and declaratory relief are moot.

B.

Rocha's claims for monetary damages also cannot proceed. In her complaint, Rocha asked the district court to "[a]ward [her] restitution and damages incurred as a result of [the Commissioners] classifying her as a nonresident for purposes of tuition and financial aid determinations." J.A. 11. While Rocha's graduation renders her claims for prospective relief moot, it would not necessarily render moot her claims for damages arising from past violations of her rights. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982) ("Given respondents' continued active pursuit of monetary relief, this case remains 'definite and concrete, touching the legal relations of parties having adverse legal interest.'"); *Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 323 n.3 (4th Cir. 2016) ("We note that this case is not moot . . . given that [the plaintiff] seeks compensatory damages for past harm.").

Nevertheless, Rocha's opening brief only mentions damages once, in her statement of the case, where she asks the Court to remand the case and "direct the district court to . . . determine the proper measure of damages for Rocha's injuries." Opening Br. 3. Apart from this fleeting reference, Rocha's entire argument, including her recitation of the standard of review and conclusion, is framed in terms of whether she is entitled to a permanent injunction barring enforcement of the residency rules against her. Opening Br. 11 ("In evaluating *the grant or denial of a permanent injunction*, this Court 'reviews the district court's application of legal principles de novo." (emphasis added)); 37 ("Rocha

11

respectfully requests that this Court *reverse the district court's denial of its* [sic] *motion for a permanent injunction* and reverse its entry of summary judgment on behalf of the Commissioners." (emphasis added)). And in response to questions from the Court at oral argument, Rocha expressly conceded that an argument about damages was "not in [her] briefs." Oral Argument Audio Recording at 3:43–4:54.

"[T]his Court normally views contentions not raised in an opening brief to be waived." *Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002). Raising an issue in an opening brief requires a party to conform to Federal Rule of Appellate Procedure 28(a)(8) by including her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" as well as "a concise statement of the applicable standard of review." Relying on this rule, we have held that a passing reference to a claim is insufficient to preserve an argument for appellate review and that such scant attention in an opening brief results in waiver. *E.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Federal Rule of Appellate Procedure 28(a)(8)] with respect to a particular claim triggers abandonment of that claim on appeal."); *see also Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012) (holding that an issue was waived when a party included it in a heading, but did not otherwise develop the argument); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (reiterating that something raised in the appellant's statement of the case, but not discussed in the argument section, is waived). In view of Rocha's concession at argument, which is fully supported by our own reading of

12

her opening brief, we conclude that she has waived appellate review of her damages claim.[3]

### III.

In light of the foregoing, we do not consider the availability of injunctive and declaratory relief because that aspect of the case is moot. We further hold that Rocha has waived any appeal of her claim for damages. Accordingly, the judgment of the district court is

*AFFIRMED*.

---

[3] Because mootness and waiver dispose of Rocha's entire appeal, we need not address the parties' arguments concerning whether the Commissioners are proper party defendants for Rocha's § 1983 claims, whether the Commissioners are entitled to legislative immunity, and whether South Carolina's residency rules violate principles of equal protection or substantive due process.